In the Matter of R. JOHN PUNNETT et al., Appellants, *v.* HERBERT B. EVANS et al., Respondents.

First Department, November 17, 1966.

*Joseph Gaier* of counsel (*Luster & Gaier,* attorneys), for appellants.

*William A. Marks* of counsel (*Seymour B. Quel* and *Daniel A. Muccia* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondents.

*Per Curiam.* Petitioners-appellants, owners of multiple dwellings in the City of New York, appeal. Their petition was dismissed in an article 78 proceeding brought to compel certification by respondent Housing and Redevelopment Board of the reasonable cost of installing radiators and risers in petitioners' buildings for tax abatement purposes. Section J51–2.5 of the Administrative Code of the City of New York provides for such tax abatement in order to encourage the renovation of housing. Petitioners also appeal from an order entered in this proceeding denying their motion for an examination before trial of respondent board.

Petitioners contend that the action of respondent in refusing to issue the certificates was arbitrary and capricious because certificates for similar equipment have been granted by respondent to other owners without a showing that the items replaced were dangerous or created an unhealthy condition or a fire hazard. Respondent answers that its determination was justified by the governing statute and that, while it may have mistakenly issued certificates for nondangerous radiators and risers in the past, this does not bar respondent from inaugurating a new policy in compliance with the governing statute. It is concluded that while respondent may change its interpretation of the statute, its vacillation in assigning reasons for its refusal of petitioners' application, thereby effectively precluding them from assembling answering proof, constituted a capricious and inconsistent act which requires a remand of this proceeding to the Housing Board.

Subdivision b of the cited statute provides for tax abatement to certain property with respect to an increase in assessed valuation for alterations and improvements to dwellings that "eliminate presently existing unhealthy or dangerous conditions * * * which represent fire or health hazards". Under subdivision f of the statute, the Housing Board shall "determine and certify the reasonable cost of any such alterations and improvements" "Alteration" and "improvement" are defined as excluding "painting, ordinary repairs [and] normal replacements of maintenance items." (Subd. a, par. 1.)

In the course of reconstructing and rehabilitating certain dwellings, petitioners replaced old radiators and risers with new equipment. When they filed applications with the Housing Board for tax abatement certificates, they requested cost cer-

tification, *inter alia,* for the new radiators and risers. A determination was made in the lead proceeding (covering the Punnett premises) in which tax abatements were not allowed for the heating equipment.

Petitioners sought some explanation for the disallowance and the Chairman of the Housing Board explained in a letter to the petitioners that tax abatement for heating installations would only be granted when no heating system existed previously and a new system was installed, or where the existing system was certified to be obsolete and was replaced with a new system. There was no mention in this letter of the statutory standards subsequently invoked by respondent.

Petitioners then commenced the instant proceeding. In support of its answer, respondent stated for the first time that the Punnett application was defective because there was no evidence that the old risers and radiators were in a dangerous condition, as required by the applicable statute. Special Term concurred and dismissed the petition.

Respondent now contends that its determination was correct not only because there was an absence of proof that the radiators or risers constituted a hazard but also because their replacements were only "ordinary repairs or replacement of maintenance items" which are ineligible for certification under paragraph 1 of subdivision a of the statute.

Unquestionably, respondent has the power and the duty to correct what it believes to have been an erroneous interpretation of the governing statute or even an unwise policy (1 N. Y. Jur., Administrative Law, § 142 and cases cited; 2 Davis, Administrative Law, § 17.07; "Administrative Law — Stare Decisis", Ann. 79 ALR 2d 1126, 1135–1140; cf. *City of New York* v. *Wilson & Co.,* 278 N. Y. 86, 99–100; *Children's Bus Serv.* v. *City of New York,* 190 Misc. 161, 167, mod. 272 App. Div. 1058; see, generally, *Mester* v. *United States,* 70 F. Supp. 118, 122, affd. 332 U. S. 749). But it is quite another matter when the "new construction" or "new policy" is not asserted, articulated, or applied at the administrative level but is inaugurated instead in the midst of ensuing judicial proceedings. The petitioners were given certain reasons for respondent's refusal to issue the certificates and invoked judicial review to test that determination. Once the matter had reached the courts, respondent assigned different reasons for its conclusion and this it may not do (*Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 254; cf. *Matter of Fink* v. *Cole,* 1 N Y 2d 48, 54). "It is then too late for the petitioner to have opportunity to introduce evidence

before the Authority to contradict or explain such findings''
(*Matter of Scudder* v. *O'Connell,* 272 App. Div. 251, 254, *supra*).

Even when dealing with statutes (such as the one at issue)
which empower administrative officials to make determinations
without requiring hearings, the courts will not sanction an admin-
istrative denial which has neither offered the applicant an
opportunity to present his case to the agency nor apprised the
court of review with a basis for the finding against the applicant
(*Matter of Perpente* v. *Moss,* 293 N. Y. 325, 329; *Matter of Elite
Dairy Prods.* v. *Ten Eyck,* 271 N. Y. 488, 498). For this purpose
it is not useful to distinguish among findings of fact, reasons
for a determination, and criteria relied upon in applying a
governing statute (see, generally, 1 N. Y. Jur., Administrative
Law, § 139; cf. *Matter of Fink* v. *Cole,* 1 N Y 2d 48, 54, *supra*).
This principle applies a fortiori to the instant case where the
reasons originally cited to the petitioners by the Chairman of
the Housing Board have been abandoned. Moreover, an explan-
ation and amplification, if not a promulgation, of respondent's
''new policy'' is in order so that future applicants may be
apprised of what items will be entitled to certifications.

Accordingly, the judgment dismissing the petition of peti-
tioners-appellants should be reversed, on the law, with costs
and disbursements to petitioners-appellants and the matter
remanded, in the exercise of discretion, to the Housing Board
for re-examination, for the petitioners-appellants to provide
additional proof and for the board to redetermine the peti-
tioners' applications stating the grounds for its ultimate con-
clusions. In view of the disposition of the main question, it is
unnecessary to allow the examination sought and the order
denying petitioners' motion for an examination before trial
should be affirmed, without costs or disbursements to any party.

BREITEL, J. P., McNALLY, STEVENS, STEUER and CAPOZZOLI, JJ.,
concur.

Judgment dismissing the petition unanimously reversed, on
the law, with $50 costs and disbursements to appellants and the
matter is remanded, in the exercise of discretion, to the Hous-
ing Board for re-examination, for the petitioners-appellants to
provide additional proof and for the board to redetermine the
petitioners' applications stating the grounds for its ultimate
conclusions. The order entered on May 25, 1966 is unanimously
affirmed, without costs or disbursements to any party. The
appeal from the order entered on June 21, 1966 is dismissed,
without costs or disbursements to any party.