(March 21, 1967)

In the Matter of EDWARD P. CONLON, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner and as Chairman of the Board of Trustees of the Police Pension Fund, Article 2, City of New York, et al., Respondents.

PROCEEDING under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the First Judicial Department by an order of the Supreme Court at Special Term, entered April 20, 1966 in Bronx County), in which petitioner seeks reinstatement upon his dismissal from the Police Department, approval of his application for retirement and accident disability pension and payment of his back salary.

MEMORANDUM BY THE COURT. Determination of Police Commissioner that petitioner be dismissed from the Police Department of the City of New York, annulled, on the law, and petitioner reinstated, without costs and without disbursements. The record can support no other conclusion than that petitioner's desire to consult counsel before answering was bona fide and unfeigned and that there was sufficient reason for consultation. His refusal to answer having been adequately explained, dismissal was unwarranted (see Matter of *Conlon* v. *Murphy*, 24 A D 2d 737). The advantage to petitioner of deliberate delay, referred to in the dissenting opinion, is not present in the circumstances of this case.

STEUER, J. (dissenting). I must disagree with the conclusion that "The record can support no other conclusion than that petitioner's desire to consult before answering was bona fide and unfeigned and that there was sufficient reason for consultation", and submit that the record establishes beyond dispute the exact opposite.

Petitioner, a police officer, was subpoenaed before the Grand Jury in an investigation of several officers, including petitioner, who, it was claimed, were taking bribes for protecting lawbreakers. No one can read the record without concluding that petitioner met this dilemma in the way that repeated applications show is the usual solution sought by the dishonest officer — to protract the hearings to a time when his application for retirement on a pension will receive favorable action. To do this he must give a limited waiver of immunity and answer relevant questions. And he must so maneuver that he does not disclose grounds for dismissal before his application for retirement is acted upon. If he succeeds he can refuse to testify further and defy the department to do anything about it and collect the pension that is paid to one whose service is faithful. In this case the race against time was very close. In fact, he anticipated the service of the subpoena on him, and his quest for retirement was so precipitant that he waived his right to terminal leave in order to get quick action on his application.

He went before the Grand Jury early in July, 1964. He was asked to fill out a questionnaire as to his finances and given until July 21 to return it. Meanwhile he was questioned on at least three occasions and exhibited complete familiarity with the procedure. The questioning revealed that he kept books as to his income, and on July 9 he was directed to produce these books on the following day. In the interval he consulted a lawyer who advised him to put the books in a locker at a railroad station, and that after the session on the 10th the lawyer would advise him further. He did so, and when asked to produce the books he suddenly

discovered a need to consult his attorney as to the nature of the waiver he had signed. The hearing was adjourned to the following Monday and he consulted his lawyer in the interim. On Monday he entered a hospital and never appeared before the Grand Jury again.

Respondent Commissioner forthwith removed petitioner for his failure to respond to the Grand Jury inquiries. This court decided that if the failure to respond was due to a bona fide desire to obtain legal advice as to the propriety of any question put to him, he was within his rights and his failure to answer was not willful. Following that decision (24 A D 2d 737), a hearing was had pursuant to that mandate. At that hearing petitioner gave his reason for refusal to answer. It was that as he was allowed until the 21st of July to fill out his questionnaire, and as the books contained the data necessary to enable him to answer the questionnaire, he wanted to know whether he had a legal right to withhold the books and refuse to answer any question concerning them until that date. The Commissioner found that this explanation did not show a bona fide belief in the doubt as to the questions asked on which petitioner wanted legal advice, and the majority has decided the opposite conclusion is the only one that could be reached. As a consequence, the only step remaining for petitioner to accomplish his aim is to have the trustees of the Police Pension Board give approval to his application for a pension, and the order to be submitted herein will doubtless take care of that formality.

It must be obvious that a false or unfounded claim of the necessity for legal advice confers no immunity from the consequences of a failure to answer. Were it otherwise, the testifying officer could effectively disrupt the proceedings by demanding the right to consult counsel as to any or every question, obtain an adjournment to hold that consultation, and, if counsel obligingly advises that the question need not be answered, obtain a court ruling. It is to eliminate such tactics that it was determined that the witness must show that his desire for legal advice rested on the ground of genuine doubt of the validity of the question put to him. Before a court can determine that the Commissioner's finding of absence of any such doubt is untenable, there should be facts to support it. Here, every fact supports the Commissioner, and his determination should be confirmed.

Botein, P. J., Stevens and Rabin, JJ., concur in decision; Steuer, J., dissents in opinion.

Determination annulled, etc.

Settle order on notice.