■ WALTRUD LEVENE, Respondent, v. DAVID LEVENE, Appellant.— Order, Supreme Court, New York County entered on September 8, 1972, granting support and maintenance to plaintiff wife and children in the sum of $240 per week, together with counsel fees of $2,000, unanimously affirmed, without costs and without disbursements. In affirming, once again it is noted that ordinarily appeals from the granting of temporary alimony are not favored, as it is clearly more expedient and less consuming of both judicial time and that of the attorneys if counsel would promptly proceed to trial in accordance with section 249 of the Domestic Relations Law, which has legislatively expressed the entitlement to preference in the trial of such matters where justice so requires. (De Gasper v. De Gasper, 31 A D 2d 886.) The remedy for any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence made. (Frost v. Frost, 38 A D 2d 786.) The amount of permanent alimony and support, if any, is ultimately based on evidence and not upon the temporary alimony, which is usually determined by the submitted papers. (Schine v. Schine, 28 A D 2d 976; Sklan v. Sklan, 29 A D 2d 526; Brown v. Brown, 31 A D 2d 516.) Concur — Stevens, P. J., McGivern, Markewich, Murphy and Tilzer, JJ.

■ In the Matter of JACK FALK, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment, Supreme Court, New York County, entered on October 17, 1972, dismissing the petition in an article 78 proceeding, seeking a review and annulment of respondents' determination denying petitioner's application for a pistol license, unanimously reversed, on the law, and the petition granted to the extent of annulling the determination of respondent Commissioner and remitting the matter to the Police Commissioner for reconsideration, without costs and without disbursements. We are unable to ascertain any valid basis for a denial of the sought for pistol permit on the ground of " Insufficient Need ". Particularly in view of the record which indicates that petitioner has been a licensed private investigator for twenty years, has an unblemished record, and the permit is now allegedly needed for his continued employment. Although the record seems to indicate the real reason for the rejection was a conclusion on the part of the inspector that the petitioner was "immature" and "untrustworthy", we are unable to find evidentiary support for such a subjective determination. Finding that this sparse record lacks substantial evidence for the conclusion reached, we remand for further supportive evidence, if any, rather than direct the granting of a license forthwith, mindful of the serious consequences which may flow from a grant of the privileged permit to carry a pistol. (See Matter of Barton Trucking Corp. v. O'Connell, 7 N Y 2d 299, 308-309.) Concur — Stevens, P. J., McGivern, Markewich, Murphy and Tilzer, JJ.