In the Matter of SALVATORE GUIDA, Respondent, v JOHN G. DIER, as Warren County Judge, Appellant.

Third Department, October 21, 1976

*John C. Mannix, County Attorney (David B. Krogmann* of counsel), for appellant.

*Lionel Sacks* for respondent.

*Per Curiam.* The petitioner operates a retail business at Lake George in Warren County. By an application dated February 24, 1975 he applied for a pistol license to carry a concealed firearm after a prior application had been denied. The appellant, the Warren County Judge, is the duly authorized licensing officer (Penal Law, arts 265, 400) and he denied the second application in April of 1975.

The appellant does not dispute the petitioner's allegation that the first application was denied because the character witnesses listed thereon were not personally familiar with him. The second application contained new character witnesses and the appellant denied it upon the ground that the New York State Police reported that "applicant does not possess the necessary qualifications and should not favorably be considered to possess a pistol permit". Special Term found

that the mere "recommendation" of an investigative agency is not sufficient to establish a basis for exercising discretion so as to refuse a license.

The appellant contends that the granting of a license is entirely within his discretion and, accordingly, the Special Term erred in directing a reconsideration.

The First Department has held that the reason for denial of a license must be established by evidence where the record upon its face does not establish that the license should otherwise be denied (*Matter of Falk v City of New York,* 41 AD2d 530). The Second Department has applied the *Falk* case to a license revocation based simply upon a "withdrawal of police support" (*Matter of Buffa v Police Dept. of Suffolk County,* 47 AD2d 841). In *Matter of Moore v Gallup* (267 App Div 64, affd no opn 293 NY 846) this Department held that the question of "proper cause" for the issuance of a license was within the discretion of the County Judge. The appellant's reliance on the *Moore* case is misplaced as the court in *Moore* did not hold that a "recommendation" by the investigative officer was itself sufficient to sustain the denial of a license. The discretion exercised by the County Judge in the *Moore* case was whether or not the purpose of "target practice" was a sufficient reason to constitute "proper cause" for the issuance of the license. The question of "proper cause" is not in issue in this proceeding and the petitioner's allegation that his store has been robbed at gunpoint is undisputed.

As noted by Special Term in its decision, the investigative officer is not authorized to issue or withhold the license and it is the facts disclosed by the investigation which must be evaluated by the County Judge and relied upon to reach a decision on the application for a license. Since those facts have not been disclosed to petitioner and he asserts that there is no reason for denying him a license other than arbitrariness, the matter must be remitted to the County Judge for reconsideration and to set forth further supportive evidence for denying the application (see *Matter of Falk v City of New York, supra).* Upon reconsideration, the petitioner should be given reasonable latitude to present proof to respond thereto to whatever objections the County Judge may have to the issuance of the license and, of course, the County Judge upon reconsideration may either issue or deny the license (see *Matter of Buffa v Police Dept. of Suffolk County, supra;* cf. *Matter of Moore v Gallup, supra,* where the decision discloses

that the applicant was given an opportunity to support his application).

The appellant further contends that the investigative reports of the police agencies (Warren County Sheriff's Department and New York State Police) are confidential and not subject to disclosure. This issue is not properly before the court at this time as the judgment of Special Term does not require such disclosure. It should be noted that the licensing procedures are purely civil in nature and this decision only holds that reliance upon a "conclusion" of the investigative agency without supportive evidence is insufficient to sustain the exercise of discretion to deny a license upon this record.

The judgment should be modified, on the law and the facts, by striking so much thereof as directs "a record hearing" and/ or "a hearing" and by inserting a provision that the applicant is entitled to notice of the objections that have been submitted to the County Judge in opposition to his application and a reasonable opportunity to submit proof to respond thereto, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN, HERLIHY and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by striking so much thereof as directs "a record hearing" and/or "a hearing" and by inserting a provision that the applicant is entitled to notice of the objections that have been submitted to the County Judge in opposition to his application and a reasonable opportunity to submit proof to respond thereto, and, as so modified, affirmed, without costs.