■ In the Matter of NESHAMINY, INC., Doing Business as CLUB WEST INDIES, Appellant, v THOMAS HASTINGS, as Chief of Police of the City of Rochester, Respondent.—Judgment unanimously reversed, without costs, and matter remitted to respondent Hastings for further proceedings in accordance with memorandum. Denman, J., not participating. Memorandum: Petitioner operates a tavern in the City of Rochester known as the Club West Indies. Upon the denial of its application for a class D amusement license to permit dancing and live entertainment at the premises, petitioner instituted this article 78 proceeding to compel the issuance of the license. The grounds relied upon by the respondent chief of police to justify the denial were first stated only after this proceeding was commenced. It is well established that "the courts will not sanction an administrative denial which has neither offered the applicant an opportunity to present his case to the agency nor apprised the court of review with a basis for the finding against the applicant (Matter of Perpente v. Moss, 293 N. Y. 325, 329; Matter of Elite Dairy Prods. v Ten Eyck, 271 N. Y. 488, 498)." (Matter of Punnett v Evans, 26 AD2d 396, 399.) Although the chief of police has the discretionary power to refuse a license (Rochester City Charter, § 5-39), such power may be exercised only in relation to the purpose, policy or standard of the licensing law (see Matter of Bologno v O'Connell, 7 NY2d 155). While the purpose of the present ordinance is to enable the chief of police to take whatever action is reasonably related to assure the public safety in and about places of public amusement (Rochester City Code, § 29-23), the procedural process envisioned by the legislation anticipates either the promulgation of rules, orders and regulations by the chief of police or reliance by him upon existing rules, orders or regulations (Rochester City Code, § 29-21, par B; § 29-23; see Matter of Small v Moss, 279 NY 288, 292). Since respondent has neither promulgated standards of premises safety nor created such

standards on an *ad hoc* basis (see, e.g., *Matter of Severino v Ingraham,* 44 NY2d 763), his denial of the license may only be premised upon other existing standards by which his exercise of discretion may be measured. In belatedly furnishing copies of police reports and letters of complaint relating to the operation of petitioner's business at both its former and present locations, respondent has not satisfied the latter requirement. Most of the submitted documents refer to the conduct of petitioner's patrons outside the tavern and respondent concludes therefrom that public safety problems exist at petitioner's present location, such that the denial of the application was justified. While his judgment in that regard may be supportable by reference to existing rules, orders or regulations, it is not for the court to speculate as to the basis for respondent's conclusion *(Matter of Montauk Improvement v Proccacino,* 41 NY2d 913, 914; *Matter of Golisano v Town Bd. of Town of Macedon,* 31 AD2d 85). Proper judicial review also requires disclosure of the standard which the administrative agent has applied. The respondent has also submitted a report which indicates that a patron of petitioner's tavern purchased an alcoholic beverage which he removed from the premises (see Alcoholic Beverage Control Law, § 106, subd 3) and that on the same date the window curtains of the tavern were drawn, thereby preventing a view of the interior of the premises (see Alcoholic Beverage Control Law, § 106, subd 9). While it does not appear that these allegations were of controlling importance in respondent's decision, the petitioner should have been advised thereof if they formed the basis for the denial of the license. The failure of an administrative agency to furnish "an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and deprives the petitioner of his statutory rights to such review" *(Matter of Montauk Improvement v Proccacino, supra).* While the petitioner was not entitled to an administrative hearing (State Administrative Procedure Act, § 301) on this initial application, the nature and extent of notice of its denial, considered together with petitioner's written response thereto, must be such as will assure full and fair judicial review *(Matter of Fink v Cole,* 1 NY2d 48, 53; *Matter of Newbrand v City of Yonkers,* 285 NY 164; *Matter of Fredette v Hostetter,* 36 AD2d 891; see, e.g., State Administrative Procedure Act, § 401). (Appeal from judgment of Monroe Supreme Court—art 78). Present—Moule J. P., Cardamone, Simons, Dillon and Denman, JJ.