■ ANTHONY CARROLL, Doing Business as CENTURION LOUNGE, Appellant, v THOMAS F. HASTINGS, Individually and as Chief of Police of the City of Rochester, et al., Respondents.—Judgment unanimously reversed, without costs, and matter remitted to respondent chief of police for further proceedings in accordance with memorandum. Denman, J., not participating. Memorandum: Petitioner operates a business at No. 1363 North Goodman Street, Rochester. Although a class D amusement license was issued to him by respondent City of Rochester for part of the year 1973, it was not renewed. In 1977 petitioner's application for such a license (or certificate of inspection) was denied without a hearing and without statement of the reasons therefor. Petitioner instituted this article 78 proceeding, in the nature of mandamus, to compel issuance of the license (see *Matter of Rochester Colony v Hostetter*, 19 AD2d 250, 253). Respondent answered, asserting that the license was denied because its records show that in 1976 petitioner's premises were used for gambling, were frequented by members of organized crime, were the seat of sale of drugs and stolen property, and were used as a base for attempts to bribe police. Special Term held that petitioner has shown no clear legal right to the license, that as a matter of law respondent's alleged reasons for denial of the license are sufficient, and that the determination was not arbitrary. Petitioner was entitled to a clear statement of the reasons for the denial of the license. Although the reasons stated in respondent's answer herein, if true, would justify the denial (see Code of City of Rochester, art 2, ch 29-26; *Matter of Barton Trucking Corp. v O'Connell*, 7 NY2d 299), petitioner denied those assertions and complains that he was afforded no opportunity to refute them (see *Matter of CC Lbr. Co. v Waterfront Comm. of N. Y. Harbor*, 31 NY2d 350, 357-359; *Matter of Barton Trucking Corp. v O'Connell, supra*, p 313). The court cannot speculate as to the reasons for respondent's determination and respondent may not rely in court on reasons for the denial not expressed at the administrative level *(Matter of Montauk Improvement v Proccacino*, 41 NY2d 913; *Matter of Golisano v Town Bd. of Town of Macedon*, 31 AD2d 85; *Matter of Punnett v Evans*, 26 AD2d 396, 398-399). Although not entitled to a quasi-judicial hearing (see, e.g., State Administrative Procedure Act, §§ 301, 401), petitioner is entitled to a fair opportunity to be heard on the allegations of impropriety at his premises because the reasons assigned by respondent in his answer for denial of the license tend to stigmatize petitioner and his

place of business *(Matter of Perpente v Moss,* 293 NY 325, 329; *Matter of Roosevelt Taxi v Commissioner of Public Safety of City of Yonkers,* 24 AD2d 573; and see *Matter of Perry v Blair,* 49 AD2d 309, 313-314; *Matter of Jackson v Wallach,* 48 AD2d 925; *Matter of Fredette v Hostetter,* 36 AD2d 891; *Matter of Conlon v Murphy,* 24 AD2d 737, 27 AD2d 819, app withdrawn 22 NY2d 856), and an administrative record should be made of the facts which respondent finds in support of the new determination which he shall make *(Matter of Sapolin Paints v Tully,* 44 NY2d 865; *Matter of Montauk Improvement v Proccacino, supra; Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174, 179-180; *Matter of Perpente v Moss, supra,* p 329; *Matter of Roosevelt Taxi v Commissioner of Public Safety of City of Yonkers, supra).* (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer, JJ. [93 Misc 2d 390.]