In the Matter of CHADWICK C. ST.-OHARRA, Petitioner, v ERNEST I. COLUCCI, as Judge of the County Court of Erie County and as Pistol Licensing Officer, Respondent.—Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner brings this CPLR article 78 proceeding to annul respondent County Judge's revocation of his pistol license or, in the alternative, for a new hearing. On February 2, 1978 petitioner became involved in an incident with two police officers of the City of Buffalo, as a result of which he was charged with disorderly conduct, resisting arrest and refusing to obey a police officer. His pistol license was suspended by a Supreme Court Justice pending investigation of the charges by the administrator of the Pistol Permit Department and on April 26, 1978 respondent revoked petitioner's license. Prior to the revocation, on April 6, 1978 the criminal charges arising out of the incident were dismissed by the City Court Judge "in the interests of justice." Petitioner was advised of the investigation and the charges by the administrator and he was invited to appear at the administrator's office to present his side of the story. He did appear with his attorney and generally admitted the incident of February 2, 1978. He claimed, however, that the incident was precipitated by the wrongful acts of the police officers and he denied that his conduct was improper. The administrator recommended revocation, and respondent, after reviewing the file, revoked petitioner's pistol license. Petitioner contends first that he may not be denied a pistol license on the basis of the criminal charges in City Court because that proceeding terminated in dismissal and, pursuant to the provisions of CPL 160.60, once the proceeding terminated in his favor it must be deemed a nullity and the charges may not operate as a disqualification preventing him from any lawful activity. The license was not revoked for conviction of a crime, however, but for other good cause (see Penal Law, § 400.00, subds 1, 11), and the dismissal of the criminal proceeding did not operate as a bar to the subsequent administrative proceeding or the determination to revoke the license based upon the circumstances underlying the criminal charges (see *Matter of Perry v Blair,* 64 AD2d 870; *Scales v Maxwell,* 52 AD2d 719). Furthermore, the reports or evidence from the prior criminal proceeding were properly made available to the Pistol Permit Department under a statutory exception (see CPL 160.50, subd 1, par [d]). Next, petitioner contends that he was denied a fair hearing. He was given notice of the charges and of the evidence received against him and he was given an opportunity to appear with his lawyer and rebut the charges. No more is required (see *Matter of Guida v Dier,* 54 AD2d 86, 87) and we have held in similar license proceedings that a formal adversarial type hearing is not necessary to constitute due process (see *Carroll v Hastings,* 64 AD2d 843; and see, also, *Matter of Neshaminy, Inc. v Hastings,* 64 AD2d 830). Finally, petitioner contends that the evidence was not sufficient to support a finding by respondent that he should have his license revoked. Respondent was authorized to revoke the permit for good cause and in making that determination he possessed broad discretion (Penal Law, § 400.00, subd 11; *Matter of Davis v Clyne,* 58 AD2d 947; *Matter of Harris v Codd,* 57 AD2d 778, affd 44 NY2d 978; *Matter of Moore v Gallup,* 267 App Div 64, affd 293 NY 846). He was the sole judge of credibility and he could properly accept the police officers' version of the underlying incident rather than that of petitioner.

(Article 78 proceeding.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.