■ In the Matter of ALEXANDER HIRSCH, Doing Business as PETTICOAT JUNCTION, Appellant, v THOMAS F. HASTINGS, as Chief of Police of City of Rochester, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: We agree with Special Term that respondent did not abuse

his discretion in denying renewal of petitioner's amusement license at the night club known as Petticoat Junction. The evidence established that he unlawfully used such premises to advance gambling by referring customers to card games at another location which he operated (see Penal Law, § 225.05). In affirming, we point out that this was an application to renew an amusement license, not a revocation, and that the procedures and quantum of proof required in the two proceedings differ. In *Matter of Wager v State Liq. Auth.* (4 NY2d 465, 468), the Court of Appeals pointed out the distinction: "In considering the merits of this applicant for renewal of a license or permit, this 'application for a renewal is to be regarded in exactly the same manner as an application for a new license' *(Matter of Restaurants Longchamps v. O'Connell,* 271 App. Div. 684, 686, affd. 296 N. Y. 888). In such cases the 'inquiry [of the court] is limited to a determination whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion' *(Matter of Stracquadanio v. Department of Health,* 285 N. Y. 93, 95, 96). Since 'There is no inherent right in a citizen' to engage in the business of selling intoxicating liquors *(Crowley v. Christensen,* 137 U. S. 86, 91; *Bertholf v. O'Reilly,* 74 N. Y. 509, 517), the test of the legality of the exercise of the discretionary power is solely whether the agency acted arbitrarily or capriciously *(Matter of Barry v. O'Connell,* 303 N. Y. 46, 58, 59)" (See, also, *Matter of Rochester Colony v Hostetter,* 19 AD2d 250, 253). Since this was a renewal application, no formal hearing was required. (See *Matter of Neshaminy, Inc., v Hastings,* 64 AD2d 830; *Carroll v Hastings,* 64 AD2d 843). The standard to be applied by respondent was that the licensee be of fit character (see *Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299) and that he comply with the laws of the State and the ordinances of the city (see Rochester City Code, § 29-26). The record contains sufficient evidence to support respondent's denial of the application based upon the evidence concerning Charge No. 1, promoting gambling. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.