■ ALBERT KNIGHT, Respondent, v PRESTON PIPER, Appellant. — Order unanimously reversed and motion denied, without costs. Memorandum: Plaintiff has failed to show any reasonable excuse for the failure to serve and file a note of issue and Special Term abused its discretion when it vacated its order of dismissal, granted reargument of defendant's motion to dismiss and gave plaintiff 20 days to file a note of issue (see Barasch v Micucci, 49 NY2d 594). (Appeal from order of·Supreme Court, Onondaga County, Miller, J. — motion to vacate.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, Appellant. MARK E. JUDGE, Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: County Court was without authority to order the release of Grand Jury minutes for use by a private litigant in preparing a civil lawsuit (see Matter of City of Buffalo [Cosgrove], 57 AD2d 47, 50; Albert v Zahner's Sales Co., 51 AD2d 541; cf. Jones v State of New York, 79 AD2d 273; see, generally, People v Di Napoli, 27 NY2d 229; Matter of Carey [Fischer], 68 AD2d 220). (Appeal from order of Onondaga County Court, Burke, J. — release Grand Jury minutes.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of WILLIAM G. ROBINSON, Petitioner, v EUGENE W. BERGIN, as County Court Judge of County of Monroe, Respondent. — Petition unanimously granted to the extent of remitting the matter to Monroe County Court for further proceedings in accordance with memorandum and otherwise petition denied, without costs. Memorandum: Petitioner seeks an annulment of County Court's action in suspending his pistol permit based on a report from the Sheriff's Department concerning an incident involving an alleged threat. When petitioner requested an opportunity to contest the determination, County Court informed him that it would be unable to schedule an appearance in the foreseeable future. It is improper to subject petitioner to indefinite suspension of his license — in effect a revocation thereof — without affording him an opportunity to be heard (see Matter of Silverberg v Dillon, 73 AD2d 838, 840, app dsmd 49 NY2d 889; Matter of St.-Oharra v Colucci, 67 AD2d 1104; Matter of Guida v Dier, 54 AD2d 86). We direct that petitioner receive a prompt opportunity to rebut the allegations against him. Given the serious nature of those allegations, the suspension should continue pending final determination (cf. Matter of Buffa v Police Dept. of Suffolk County, 47 AD2d 841). (Article 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of RONALD IRVIN, Petitioner, v ELIZABETH W. PINE, as Justice of Supreme Court, et al., Respondents. — Petition unanimously dismissed, without costs. (See Matter of State of New York v King, 36 NY2d 59; Rossettie v Finnerty, 85 AD2d 928.) (Article 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.