■ In the Matter of JOHN GORDON, Petitioner, v JOHN R. LACAVA, Respondent. [610 NYS2d 66] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated November 12, 1992, which revoked the petitioner's pistol permit.

Adjudged that the determination is confirmed, and the petition is dismissed on the merits, without costs or disbursements.

The petitioner contends first that the respondent erred in not conducting an evidentiary hearing before rendering a determination. In this regard, it is well-settled that a formal

adversarial hearing is not required before a pistol license is revoked (see, *Matter of Burke v Colabella,* 113 AD2d 794; *Carroll v Hastings,* 64 AD2d 843). A licensee must, however, be given notice of the charges and evidence against him or her, and be given an opportunity to appear with his or her lawyer to rebut the charges (see, *Matter of Burke v Colabella, supra; Matter of St.-Oharra v Colucci,* 67 AD2d 1104; *Matter of Guida v Dier,* 54 AD2d 86). The instant petitioner was given such notice and opportunity to be heard. The order to show cause and supporting affirmation were served upon him by the County Attorney, and he submitted papers in opposition. Since the petitioner admitted that he had violated the geographic and use restrictions attached to his permit, there was no need for an evidentiary hearing (see, *Matter of Sobus v Contiguglia,* 113 AD2d 1027).

We further reject petitioner's alternate contention that violation of the geographic and use restrictions of his permit does not constitute sufficient grounds for revocation of his license, and should have at most resulted in a temporary suspension of his permit. The exercise of poor judgment in handling a weapon is a sufficient ground for revocation of a pistol license (see, *Matter of Hock v Scarpino,* 185 AD2d 237; *Matter of Lipton v Ward,* 116 AD2d 474). We find that the respondent's determination to revoke the petitioner's pistol license is supported by substantial evidence, including proof that the petitioner showed poor judgment in carrying his weapon in Bronx County in clear violation of the conditions of his permit. Accordingly, the penalty of revocation was well-founded and was not so disproportionate to the offense as to shock the conscience (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222). Mangano, P. J., Thompson, Miller and Lawrence, JJ., concur.