■ In the Matter of PAUL R. LANG, Petitioner, v SAMUEL J. ROZZI, as Commissioner of Police of Nassau County, et al., Respondents. [614 NYS2d 41] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Police of Nassau County, dated February 3, 1992, which, after a hearing, permanently revoked the petitioner's pistol license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner contends that the determination was arbitrary, capricious, an abuse of discretion, and was not supported by substantial evidence in the record. We find, however, that there was substantial evidence to support the permanent revocation of the petitioner's license, including evidence that the petitioner showed poor judgment by failing to safeguard his weapon while accompanying a Boy Scout troop on a ski trip in upstate New York (see, Matter of Gordon v LaCava, 203 AD2d 290; Matter of Hock v Scarpino, 185 AD2d 237; Matter of Sobus v Contiguglia, 113 AD2d 1027; Matter of Lipton v Ward, 116 AD2d 474; Matter of Goldberg v Edelstein, 100 AD2d 968; Matter of Robinson v Ward, 181 AD2d 585). Contrary to the petitioner's contentions, there was a rational basis for the determination, and therefore the determination cannot be considered arbitrary, capricious or an abuse of discretion (see, Sewell v City of New York, 182 AD2d 469, 472). Furthermore, the hearing was in all respects fair and the Hearing Officer remained impartial throughout. Thus, the petitioner was not denied any due process rights.

We have examined the petitioner's remaining contentions

and find them to be without merit. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.