■ In the Matter of CASIMER J. DLUGOSZ, Petitioner, v JERRY J. SCARANO, as Saratoga County Court Judge, et al., Respondents. [681 NYS2d 120] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review, *inter alia*, a determination of respondent Saratoga County Judge which revoked petitioner's pistol permit.

Petitioner was arrested and charged with assault in the third

degree in August 1997. Thereafter, the State Division of Criminal Justice Services notified the Schenectady County Sheriff's Department of the arrest presumably because petitioner's 1978 pistol permit had been issued in that county. The matter was then transferred to Saratoga County, where petitioner currently resides. Respondent Saratoga County Judge (hereinafter respondent) reviewed information regarding the August 1997 incident, as well as a letter from petitioner's attorney which explained that petitioner had injured the complainant in self-defense. Respondent contacted petitioner and requested additional information regarding other arrests in October 1996 and July 1997 on charges of harassment. Exculpatory explanations for these arrests were also provided. After reviewing petitioner's police records, including additional 1975 and 1976 arrests for resisting arrest, driving while intoxicated, petit larceny and assault, respondent revoked petitioner's pistol permit "based on [petitioner's] general course of conduct".

Respondent denied petitioner's subsequent request for a formal hearing, but agreed to review any additional materials petitioner chose to submit. Petitioner then submitted a letter detailing the facts underlying each of his arrests. Petitioner initiated this CPLR article 78 proceeding after respondent adhered to its determination to revoke his pistol permit.

We reject petitioner's contention that respondent erred in not conducting an evidentiary hearing before rendering a determination. It is well settled that a formal hearing is not required prior to the revocation of a pistol permit as long as the licensee is given notice of the charges and has an adequate opportunity to submit proof in response (*see, Matter of Gordon v LaCava*, 203 AD2d 290, 290-291; *Matter of Guida v Dier*, 54 AD2d 86, 88). Here, petitioner was afforded several such opportunities and, upon review of the record, we conclude that respondent did not abuse his broad discretion or act in an arbitrary and capricious manner (*see, Matter of Brookman v Dahaher*, 234 AD2d 615, 616; *Matter of Eddy v Kirk*, 195 AD2d 1009, 1010, *affd* 83 NY2d 919).

Although petitioner relies on the fact that none of his arrests except one resulted in a conviction, this factor is not dispositive (*see, Matter of County of Westchester v D'Ambrosio*, 244 AD2d 334, 335; *see also, Matter of Demyan v Monroe*, 108 AD2d 1004, 1005). Notably, petitioner admits much of the underlying conduct for the arrests, but assigns most of the blame for provocation to others. Even accepting petitioner's explanations as true, the arrests demonstrate a repeated inability to resolve conflicts in a nonviolent manner or without police intervention.

Accordingly, we find no reason to disturb respondent's determination.

We have examined petitioner's remaining contentions and find them to be unpersuasive.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.