defendants' motion seeking, inter alia, to set aside the verdict and denied plaintiff's cross motion for an inquest on future damages.

It is hereby ordered that said appeal and cross appeal be and the same hereby are unanimously dismissed without costs (*see Smith v Catholic Med. Ctr.,* 155 AD2d 435, 435; *see also* CPLR 5501 [a] [1], [2]). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.

■ In the Matter of CORNELL MAYE, Petitioner, v MICHAEL DWYER, as County Court Judge and Pistol Hearing Officer of Oneida County, Respondent. [743 NYS2d 757] —Original CPLR article 78 proceeding commenced in this Court on November 27, 2001, seeking to annul the determination of respondent revoking petitioner's pistol permit.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent revoking his pistol permit. We disagree with petitioner that the determination is arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence (*see Matter of Romanoff v Lange,* 281 AD2d 551, 551-552; *Matter of Porter v Kelly,* 272 AD2d 333). The finding of respondent that petitioner misused his firearm in incidents described by the witnesses at the revocation hearing constitutes a sufficient factual basis for the determination. "[T]he exercise of poor judgment in the handling of a weapon is a sufficient ground for revocation of a pistol permit" (*Matter of Brookman v Dahaher,* 234 AD2d 615, 616; *see Matter of La Grange v Bruhn,* 291 AD2d 601, 601-602). "Although conflicting testimony was presented at the hearing, we cannot say that the testimony found credible by [respondent] was incredible as a matter of law" (*Matter of Lloyd v County of Suffolk Police Dept.,* 141 AD2d 644, 645; *see also Matter of Lipton v Ward,* 116 AD2d 474, 477; *see generally Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444).

Petitioner further contends that he was not apprised of the charges against him and afforded a sufficient opportunity to defend against them. Due process requires that a licensee be given notice of the charges and evidence against him and an opportunity to appear to rebut the charges (*see La Grange,* 276 AD2d 974, 975; *Matter of Burke v Colabella,* 113 AD2d 794, 795; *see also Matter of Demchik v Hannigan,* 182 AD2d 1133). Here, petitioner had notice of the charges prior to the hearing

and did not request a continuance of the hearing to call additional witnesses. Contrary to the further contention of petitioner, he received a fair hearing before an impartial hearing officer (*see Matter of Lang v Rozzi*, 205 AD2d 783, *lv denied* 84 NY2d 809). Finally, the penalty of revocation of petitioner's pistol license does not "shock[ ] the judicial conscience" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554; *see Matter of Alfonso v New York City Police Dept. [License Div.]*, 283 AD2d 188; *Matter of Zalmanov v Bratton*, 240 AD2d 173, 174). Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.