■ In the Matter of RONALD V. STROM, Petitioner, v ERIE COUNTY PISTOL PERMIT DEPARTMENT et al., Respondents. [776 NYS2d 685]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent Honorable Ronald H. Tills, Acting Supreme Court Justice. The determination revoked petitioner's firearms license.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of Honorable Ronald H. Tills, Acting Supreme Court Justice (respondent), revoking his firearms license. We reject the contention of petitioner that he was entitled to an evidentiary hearing because respondent initially scheduled one on the matter. "Due process requires that a licensee be given notice of the charges and evidence against him and an opportunity to appear to rebut the charges" (*Matter of Maye v Dwyer,* 295 AD2d 890, 890 [2002], *lv dismissed* 98 NY2d 764 [2002]; *see Matter of Gordon v LaCava,* 203 AD2d 290, 290-291 [1994]; *Matter of St.-Oharra v Colucci,* 67 AD2d 1104 [1979]). In this case, petitioner was given notice of the charges and evidence against him, and he submitted evidence to respondent, including a written statement. On the day scheduled for the hearing, respondent notified petitioner that respondent would not hold a hearing because he had sufficient evidence before him to render a determination. Petitioner, however, was given an opportunity to be heard on the matter and, contrary to petitioner's contention, respondent did not render a determination until after petitioner was given that opportunity. Petitioner was thus not denied due process (*see Matter of Dlugosz v Scarano,* 255 AD2d 747, 748 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]).

Respondent's determination that "good cause exists to

revoke" petitioner's firearms license is supported by the record and is not an abuse of discretion or arbitrary and capricious (*see Matter of Gerard v Czajka,* 307 AD2d 633, 634 [2003]; *Matter of Lang v Rozzi,* 205 AD2d 783 [1994], *lv denied* 84 NY2d 809 [1994]; *Matter of Marlow v Buckley,* 105 AD2d 1160 [1984]; *see generally Matter of Eddy v Kirk,* 195 AD2d 1009, 1010-1011 [1993], *affd* 83 NY2d 919 [1994]). Petitioner had been convicted of a fourth alcohol-related offense, and his firearms license had previously been suspended based on charges of reckless endangerment and unlawful discharge of a firearm. We agree with respondent that petitioner demonstrated "poor judgment and inability to abide by the laws of this state." The penalty of revocation does not shock the judicial conscience (*see Maye,* 295 AD2d at 891; *Matter of Alfonso v New York City Police Dept. [License Div.],* 283 AD2d 188 [2001]; *see generally Matter of Featherstone v Franco,* 95 NY2d 550, 554 [2000]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.