■ In the Matter of THOMAS E. PACICCA, Petitioner, v JOSEPH S. ALLESANDRO, Respondent. [798 NYS2d 462]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated September 14, 2004, which, without a hearing, revoked the petitioner's pistol permit, and motion by the respondent to dismiss the proceeding.

Ordered that the motion is denied as academic in light of our determination on the merits of the proceeding; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In determining whether to revoke a pistol permit pursuant to Penal Law § 400.00 (11), the respondent is vested with broad discretion to resolve factual and credibility issues, and his determination is accorded great weight (*see Matter of Manne v Main*, 8 AD3d 790, 791 [2004]; *Matter of Gerard v Czajka*, 307 AD2d 633 [2003]). Contrary to the petitioner's contention, "a formal adversarial hearing is not required before a pistol license is

revoked" (*Matter of Gordon v LaCava,* 203 AD2d 290, 290-291 [1994]; *see also Matter of Dlugosz v Scarano,* 255 AD2d 747 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]; *Matter of St.-Oharra v Colucci,* 67 AD2d 1104 [1979]). "[A] formal hearing is not required prior to the revocation of a pistol permit as long as the licensee is given notice of the charges and has an adequate opportunity to submit proof in response" (*Matter of Dlugosz v Scarano, supra* at 748; *see Matter of Strom v Erie County Pistol Permit Dept.,* 6 AD3d 1110 [2004]; *Matter of Dlugosz v Scarano, supra; Matter of Burke v Colabella,* 113 AD2d 794 [1985]).

Applying those principles, we find that the petitioner was given notice of the charges and evidence against him and was afforded an opportunity to present his case. Moreover, the respondent's determination was supported by substantial evidence and was neither arbitrary nor capricious (*see Matter of Davi v Cosgrove,* 211 AD2d 788 [1995]; *Matter of Gordon v LaCava, supra*).

The parties' remaining contentions are without merit. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.