■ In the Matter of ROBERT J. D'ONOFRIO, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, Respondent. [802 NYS2d 159]—

Judgment, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 17, 2004, which denied petitioner's application to annul respondent Police Commissioner's revocation of petitioner's premises residence pistol license and rifle/shotgun permit, unanimously affirmed, without costs.

The finding that petitioner, a civilian employee of the New York City Police Department, violated the terms of his pistol license is rationally supported by petitioner's admission that for eight hours while at work, he left the pistol in the trunk of his car in violation of 38 RCNY 5-22 (a) (12). Live ammunition was also found in the car. The penalty of revocation does not shock our sense of fairness, even if, as petitioner asserts, he planned to go to a firing range after work (see 38 RCNY 5-23 [a] [3] [licensee may transport her/his handguns "directly to and from" a small arms range, ammunition to be carried separately]), and even though his car was parked on police premises. As the IAS court stated, "an eight hour stopover for work is not a de minimis detour" (see Matter of Gordon v LaCava, 203 AD2d 290, 291 [1994]). Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ. [See 4 Misc 3d 1016(A), 2004 NY Slip Op 50911(U) (2004).]