Matter of Montgomery v DeMarco (2018 NY Slip Op 07310)





Matter of Montgomery v DeMarco


2018 NY Slip Op 07310


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03499
 (Index No. 121/15)

[*1]In the Matter of Donald Montgomery, respondent,
v
Vincent F. DeMarco, etc., appellant.


Dennis M. Brown, County Attorney, Hauppauge, NY (Marlene L. Budd of counsel),
for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review determinations of the Suffolk County Sheriff, which suspended and then cancelled the petitioner's pistol license, the Suffolk County Sheriff appeals from a judgment of the Supreme Court, Suffolk County (Daniel Martin, J.), dated June 8, 2016. The judgment granted the petition to the extent of directing the Suffolk County Sheriff to provide the petitioner with written notice of the charges against him and to hold a hearing on the matter or otherwise permit the petitioner to submit evidence.
ORDERED that the judgment is affirmed, with costs.
The petitioner is a former Suffolk County police officer. Upon his retirement in 2005, he obtained a pistol license (see generally Penal Law § 400.00), and he renewed that license in 2010. In May 2014, the petitioner sought treatment at Eastern Long Island Hospital (hereinafter the hospital) for insomnia. He was admitted to the hospital and remained there for two days. Several days after leaving the hospital, the petitioner was notified by letter from the Pistol License Section of the Suffolk County Sheriff (hereinafter the Sheriff) that his license was suspended. The Sheriff stated in the letter: "The Division of State Police has notified our office that you have been adjudicated as mental defective or have been involuntarily committed to a mental institution. Under federal law, you are prohibited from possessing a firearm, rifle, or shotgun." Allegedly, unbeknownst to the petitioner, the hospital had categorized his admission as "involuntary."
The petitioner sought an opportunity to contest the alleged adjudication, but the Sheriff declined to hold a hearing on the ground that the petitioner was not eligible to possess a firearm and the Sheriff had "no authority to change that." On the same day the Sheriff declined to hold a hearing, he notified the petitioner that his pistol license was "cancelled" based on his alleged violation of the requirement that he notify the Sheriff within 10 days of any change in his address. The petitioner commenced this CPLR article 78 proceeding to challenge the Sheriff's determinations. The Supreme Court granted the petition to the extent of directing the Sheriff to give the petitioner written notice of the charges against him and an opportunity to submit evidence. The Sheriff appeals.
Although a formal hearing was not required, the petitioner was nonetheless entitled to an adequate opportunity to be heard to rebut the charges (see Matter of Ogundele v Zambelli, 159 AD3d 1002, 1003; Matter of Pacicca v Allesandro, 19 AD3d 500, 501; Matter of Gordon v LaCava, [*2]203 AD2d 290, 290-291). We agree with the Supreme Court that the Sheriff failed to give the petitioner that opportunity.
The Sheriff's remaining contention is without merit.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court