Matter of Neelman v State Univ. of N.Y. at Buffalo (2021 NY Slip Op 01677)





Matter of Neelman v State Univ. of N.Y. at Buffalo


2021 NY Slip Op 01677


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1169 TP 20-00792

[*1]IN THE MATTER OF MARK NEELMAN, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






CIMASI LAW OFFICE, AMHERST (MICHAEL CHARLES CIMASI OF COUNSEL), AND LIPPES & LIPPES, BUFFALO, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Mark A. Montour, J.], entered June 22, 2020) to review a determination of respondent. The determination found petitioner responsible for violations of respondent's student code of conduct and imposed a three year suspension. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a student at respondent, seeks to annul a determination finding him responsible for violations of respondent's student code of conduct arising from incidents of hazing. Following an administrative hearing and administrative appeal, respondent suspended petitioner for three years and placed a notation on petitioner's transcript.
Contrary to petitioner's contention, we conclude that respondent substantially adhered to its procedural rules during the disciplinary proceeding, and that the purported violations of those rules did not deny petitioner "the full panoply of due process guarantees to which he was entitled or render[ ] the finding of responsibility or the sanction imposed arbitrary or capricious" (Matter of Sharma v State Univ. of N.Y. at Buffalo, 170 AD3d 1565, 1566 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Budd v State Univ. of N.Y. at Geneseo, 133 AD3d 1341, 1342-1343 [4th Dept 2015], lv denied 26 NY3d 919 [2016]; Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944, 944 [4th Dept 2002]).
Specifically, contrary to petitioner's contention, respondent complied with petitioner's right to due process and respondent's own procedures by disclosing the evidence against petitioner before the disciplinary hearing, and respondent was not required to disclose that evidence at an earlier date (see Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 990 [3d Dept 2018]; Matter of Maye v Dwyer, 295 AD2d 890, 890-891 [4th Dept 2002], lv dismissed 98 NY2d 764 [2002]). We likewise reject petitioner's contention that respondent failed to provide an unbiased finder of fact (see Matter of Mavrogian v State Univ. of N.Y. at Buffalo, 186 AD3d 975, 976 [4th Dept 2020]; Agudio, 164 AD3d at 991-992). Contrary to petitioner's further contention, respondent's written determinations regarding the basis for its findings did not violate petitioner's right to due process inasmuch as they contained sufficient detail "to permit [petitioner] to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record" (Budd, 133 AD3d at 1343 [internal quotation marks omitted]; see Matter of Brucato v State Univ. of N.Y. at Buffalo, 175 AD3d 977, 978 [4th Dept 2019]). Although petitioner also contends that respondent failed to explain its rationale for the sanction imposed, he failed to challenge the sanction on that ground [*2]on his administrative appeal, and thus failed to exhaust his administrative remedies with respect to that contention (see generally Matter of Inesti v Rizzo, 155 AD3d 1581, 1582 [4th Dept 2017]). To the extent that petitioner challenges the severity of the sanction, we conclude that the sanction "was not 'so disproportionate to the offense[s], in light of all the circumstances, as to be shocking to one's sense of fairness' " (Matter of Ponichtera v State Univ. of N.Y. at Buffalo, 149 AD3d 1565, 1566 [4th Dept 2017], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. The evidence considered by respondent constituted " 'such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion' " that petitioner violated respondent's student code as charged by respondent (Sharma, 170 AD3d at 1567, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Further, the alleged inconsistencies or conflict in the evidence "presented credibility issues that were within the sole province of respondent to determine" (Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [3d Dept 2014], lv denied 23 NY3d 908 [2014]), and we perceive no basis to disturb respondent's findings. Lastly, we reject petitioner's contention that the lack of an opportunity to confront live witnesses at his disciplinary hearing amounted to a denial of due process (see Budd, 133 AD3d at 1343-1344).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court