Matter of Gerson v Ryder (2024 NY Slip Op 02050)

Matter of Gerson v Ryder

2024 NY Slip Op 02050

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-04247
 (Index No. 615970/21)

[*1]In the Matter of Brian Gerson, appellant,
v
Patrick J. Ryder, etc., et al., respondents.

Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Ian Bergström of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Police Department dated September 3, 2021, which, without a hearing, upheld the determination of the Pistol License Section of the Nassau County Police Department to revoke the petitioner's target/hunting pistol license, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered May 4, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On or about March 11, 2013, the petitioner was issued a target/hunting pistol license. In a letter dated January 15, 2019, the Pistol License Section (hereinafter the PLS) of the Nassau County Police Department (hereinafter the NCPD) informed the petitioner that, following an investigation, his pistol license had been revoked. The petitioner thereafter pursued an administrative appeal. Following a review by an appeals officer of the NCPD's Legal Bureau, the appeals officer found that the "totality" of the petitioner's "conduct bears negatively on his fitness to possess a pistol" and, therefore, that the PLS's determination should be upheld. In a determination dated September 3, 2021, the Commissioner of the NCPD (hereinafter the Commissioner), without a hearing, upheld the PLS's revocation of the petitioner's pistol license.
In December 2021, the petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination, alleging, among other things, that the revocation of his pistol license was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether to revoke a pistol license pursuant to Penal Law § 400.00(11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and the licensing officer's determination is accorded great weight (see Matter of Ogundele v Zambelli, 159 AD3d 1002, 1003; Matter of Moreno v Cacace, 61 AD3d 977, 978; Matter of Simmons v New York City Police Dept. License Div., 35 AD3d 748, 749). "While a formal adversarial hearing is not required before a pistol license is revoked, the licensee must be given notice of the charges and evidence against him [or her], and be given an opportunity to appear with his [or her] lawyer to rebut [*2]the charges" (Matter of Burke v Colabella, 113 AD2d 794, 795; see Matter of McAvoy v Klein, 117 AD3d 1058, 1059-1060; Matter of Pacicca v Allesandro, 19 AD3d 500, 501).
Contrary to the petitioner's contention, the record reflects that the petitioner was given sufficient opportunity to appear with his lawyer to rebut the charges (see Matter of Pacicca v Allesandro, 19 AD3d at 500-501; Matter of Strom v Erie County Pistol Permit Dept., 6 AD3d 1110, 1111; Matter of Dlugosz v Scarano, 255 AD2d 747, 748; Matter of Gordon v LaCava, 203 AD2d 290, 290-291). Moreover, the Commissioner's determination had a rational basis and was not arbitrary and capricious (see Matter of Nash v Nassau County, 150 AD3d 1120, 1121; Matter of Gurnett v Bargnesi, 147 AD3d 1319, 1320; Matter of Peters v Randall, 111 AD3d 1391, 1392; Matter of Martino v Nassau County Police Dept., 66 AD3d 781, 781-782; Matter of Dlugosz v Scarano, 255 AD2d at 748; Matter of Panaro [County of Westchester], 250 AD2d 616, 617; Matter of Brookman v Dahaher, 234 AD2d 615, 616; Matter of Kaplan v Kelly, 219 AD2d 653, 653; Matter of Gordon v LaCava, 203 AD2d at 291). The PLS's investigation revealed a history of domestic incidents that involved, among other people, the petitioner and the petitioner's former girlfriend. In addition, the PLS's investigation revealed evidence that the petitioner had mishandled his firearm. "The exercise of poor judgment in handling a weapon is a sufficient ground for revocation of a pistol license" (Matter of Gordon v LaCava, 203 AD2d at 291).
The respondents' remaining contention is without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court