■ In the Matter of JOSEPH G. DEMYAN, Petitioner, v DONALD H. MONROE, as Chemung County Judge, Respondent. — Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to annul a determination by respondent which revoked petitioner's permit to carry a pistol.

On May 14, 1984, the Elmira City Police Department received a report of two men carrying guns in the emergency room of an Elmira hospital. Arriving at the hospital, the police officers found Donald Estes sitting in a car belonging to petitioner. Responding to the officers' inquiry about the presence of guns at the hospital, Estes acknowledged possessing two firearms, one of which was a loaded Beretta pistol later discovered to be registered to petitioner. Estes admitted he had carried that pistol into the hospital because petitioner refused to enter the hospital without armed guards. Both Estes and another of petitioner's friends had identified themselves to hospital personnel as petitioner's armed guards. The following day, on the basis of the police offense report describing this incident, respondent summarily revoked petitioner's pistol permit, noting that petitioner had given Estes the use of the Beretta, a weapon not registered to Estes. Petitioner contends, among other things, that the revocation was arbitrary and capricious and contrary to his constitutional rights.

A police investigatory report may underlie revocation of a pistol permit provided the licensee is made aware of the report's contents and is afforded a reasonable opportunity to respond thereto (*Matter of Guida v Dier,* 54 AD2d 86, 87). Here, petitioner was furnished notice that the incident at the hospital had precipitated respondent's action and, thereafter, he was granted an informal, nonadversarial hearing before respondent, at which time petitioner sought to effect a reversal of the revocation order. Nowhere in the record is there any evidence which calls into question the facts recited in the police offense report or diminishes the gravity of the incident. In our opinion, respondent's order was neither arbitrary nor capricious (*see, Matter of Jenkins v Martin,* 99 AD2d 811; *Matter of Silverberg v Dillon,* 73 AD2d 838, *appeal dismissed* 49 NY2d 889).

The constitutional argument, namely, that Penal Law § 400.00 infringes on petitioner's rights guaranteed by the US Constitution, 2d Amendment to keep and bear arms, has already received considerable judicial attention and has consistently been repudiated (*see, United States v Cruikshank,* 92 US 542, 553; *Tabankin v Codd,* 40 NY2d 893, 894; *Matter of Moore v Gallup,* 267 App Div 64, *affd* 293 NY 846; *see also, Matter of Pelose v County Ct.,* 53 AD2d 645, *appeal dismissed* 41 NY2d 1008).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.