(December 5, 1996)

■ In the Matter of GARY T. BROOKMAN, Petitioner, v WILLIAM A. DAHAHER, JR., as Chemung County Court Judge, Respondent. [650 NYS2d 879] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Petitioner was issued a "License to Carry Pistol" (hereinafter permit) on January 7, 1994; the permit clearly states that it is restricted to hunting and target practice and that "[i]t is revocable at any time". Petitioner admits that on July 27, 1994, while performing yard work on his property in the City of Elmira, Chemung County, he was carrying his .38-caliber pistol on his person in a holster and in full view of the public at large. In furtherance of an eyewitness report of petitioner's actions, a police officer went to petitioner's home. In response to the officer's inquiry petitioner stated that he would only explain his behavior, in writing, to the Chief of Police. The officer immediately filed a report wherein he described petitioner as suffering from some form of paranoia and stated his concern

for the safety of the people who live in petitioner's neighborhood. The report was forwarded to respondent posthaste; upon review respondent revoked petitioner's pistol permit.* Thereafter, petitioner sought vacatur of the revocation; respondent allowed petitioner an opportunity to file written submissions and other pertinent evidence. Petitioner was also allowed an opportunity to present oral argument; after hearing petitioner, respondent denied petitioner's request. Petitioner thereafter commenced the instant proceeding.

It is well settled that the exercise of poor judgment in the handling of a weapon is a sufficient ground for revocation of a pistol permit (*see, Matter of Kaplan v Kelly*, 219 AD2d 653; *Matter of Gordon v LaCava*, 203 AD2d 290; *Matter of Lipton v Ward*, 116 AD2d 474; *Matter of Silverberg v Dillon*, 73 AD2d 838, *lv denied* 50 NY2d 803). Furthermore, respondent is vested with broad discretion and his resolution of factual and credibility issues is accorded great weight (*see, Matter of Colin v People*, 92 AD2d 697); absent an abuse of discretion, respondent's decision will not be disturbed (*see, Matter of Silinovich v Vogt*, 194 AD2d 1030; *Matter of Fromson v Nelson*, 178 AD2d 479; *Matter of Colin v People, supra*). In our view, the record amply supports respondent's conclusion that petitioner exhibited disregard for the proper use of a handgun by wearing the pistol on his person in plain view of adults and children in his residential neighborhood in clear violation of the "hunting and target practice" restrictions on his permit. Accordingly, we will not disturb the determination.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The record reflects that when respondent's order of revocation was served on petitioner, he was carrying the loaded pistol on his person in a holster.