■ In the Matter of MARTIN T. SEAMON, Petitioner, v MICHAEL V. COCCOMA, as County Judge of Otsego County, Respondent. [721 NYS2d 884] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Following an altercation, petitioner's father filed a felony complaint charging petitioner with assault in the second degree and a family offense petition, the latter of which resulted in a temporary order of protection. Although the father subsequently withdrew the family offense petition and the pending criminal charges were dismissed on the motion of the District Attorney, respondent ordered a hearing to determine whether petitioner's pistol permit should be revoked. At the hearing, petitioner's father testified that the altercation consisted of "a few words" and that he sustained a scratch when he accidentally walked into a stick that petitioner had tossed into the air. Relying upon the father's sworn statements in the felony complaint and the family offense petition, wherein the father alleged that petitioner had hit him in the head with a hockey stick causing a cut to his right eye, respondent revoked petitioner's pistol permit.

In this CPLR article 78 proceeding to review respondent's determination, petitioner contends that respondent improperly disregarded the direct testimony of petitioner's father and, in any event, the incident described in the felony complaint and the family offense petition is insufficient to warrant revocation. We disagree. In determining whether to revoke a pistol permit, "respondent is vested with broad discretion and his resolution of factual and credibility issues is accorded great weight" (*Matter of Brookman v Dahaher*, 234 AD2d 615, 616). Accordingly, there is no basis upon which to disturb respondent's rejection of the testimony of petitioner's father portraying the altercation as much more benign than depicted in his sworn statements at the time of the altercation (*see, Matter of Colin v People*, 92 AD2d 697, 698). By the violent conduct described in the father's sworn statements, petitioner demonstrated his lack of the essential temperament and character to possess a pistol (*see, Matter of Finley v Nicandri*, 272 AD2d 831, 832). Although petitioner characterizes the incident as isolated, the family offense petition alleged that petitioner had threatened and intimidated his father in the past. Our review of the record establishes that respondent did not abuse his discretion in revoking petitioner's pistol permit and, therefore, the determination must be confirmed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.