■ In the Matter of ARTHUR E. LA GRANGE, Petitioner, v J. MICHAEL BRUHN, as Judge of the County Court of the County of Ulster, Respondent. [738 NYS2d 99] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

At a hearing conducted before respondent upon remittal from this Court (276 AD2d 974), Police Officer Michael Ryan testified that on June 29, 1999 at approximately 1:30 A.M. he was dispatched to the Fairview Garden Apartments in the City of Kingston, Ulster County, in order to supervise two upstairs tenants' retrieval of some personal property from their apartment. At that time, Ryan was aware of prior difficulties between the upstairs tenants and petitioner, that charges had been filed and that petitioner had been accused of verbally threatening the upstairs tenants with the use of a weapon. While Ryan stood outside the ground floor door leading to the upstairs tenants' apartment, he saw the door to petitioner's apartment open and petitioner standing in his pajamas in the doorway holding a weapon in his right hand. Despite Ryan's repeated orders that petitioner drop his gun, petitioner first raised the gun in an arc across Ryan's body and then stopped, covered the gun with his left hand, lowered it, turned and placed it on a table inside the apartment. After Ryan retrieved the weapon, he discovered that it was a loaded .380 semiautomatic pistol with a live round in the chamber.

We conclude that Ryan's testimony, which was credited by respondent in the proper exercise of his fact-finding authority (*see, Matter of Seamon v Coccoma*, 281 AD2d 824, 825),

provided a sufficient factual predicate for respondent's determination to revoke petitioner's pistol permit on the basis of the poor judgment petitioner exercised in his use of the weapon (*see, Matter of Harris v Codd,* 44 NY2d 978; *Matter of Finley v Nicandri,* 272 AD2d 831, 832). Fundamentally, " '[t]he State has a substantial and legitimate interest * * * in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " (*Matter of Finley v Nicandri, supra* at 832, quoting *Matter of Pelose v County Ct. of Westchester County,* 53 AD2d 645, 645, *appeal dismissed* 41 NY2d 1008) or who have "exercise[d] * * * poor judgment in the handling of a weapon" (*Matter of Brookman v Dahaher,* 234 AD2d 615, 616).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.