■ In the Matter of IRVING GERARD, Petitioner, v PAUL CZAJKA, as Columbia County Surrogate, Respondent. [762 NYS2d 533] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which, inter alia, revoked petitioner's pistol permit.

Petitioner was the holder of pistol, dealer in firearms and gunsmith licenses in Columbia County. Following receipt of an incident report from the City of Troy Police Department in Rensselaer County alleging that petitioner made alarming comments threatening the use of a firearm to or in the presence of fellow graduate students at Rensselaer Polytechnic Institute, respondent suspended petitioner's pistol permit for six months. Respondent further ordered the immediate surrender of petitioner's reported 14 firearms, which included two Smith & Wesson guns and other models. Petitioner's dealer in firearms and gunsmith licenses were similarly suspended in a separate order. Subsequently, at a hearing seeking to restore his pistol license, petitioner testified that, during a particular "heated" work group meeting, he was upset and told members of his group that "you didn't think this upset me, but in reality, I was, you know, one step away from Smith & Wesson time." Based upon the proof, respondent found that petitioner showed "extraordinarily poor judgment" and concluded that there was good cause to permanently revoke petitioner's three firearms licenses.

In this CPLR article 78 proceeding challenging respondent's determination, we note initially that " '[t]he State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " (*Matter of Finley v Nicandri*, 272 AD2d 831, 832 [2000], quoting *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976], *appeal dismissed* 41 NY2d 1008 [1977]). To that end, "[i]n determining whether to revoke a pistol permit, 'respondent is vested with broad discretion and his resolution of factual and credibility issues is accorded great

weight' " (*Matter of Seamon v Coccoma*, 281 AD2d 824, 825 [2001], quoting *Matter of Brookman v Dahaher*, 234 AD2d 615, 616 [1996]). Consequently, respondent's determination will be overturned only if he "abuse[d] his broad discretion or act[ed] in an arbitrary and capricious manner" (*Matter of Dlugosz v Scarano*, 255 AD2d 747, 748 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]).

Applying the above principles herein, we cannot say that respondent's decision to revoke petitioner's three firearms licenses was an abuse of discretion or arbitrary and capricious. Given the evidence in this record, we do not find a lack of justification for respondent's determination that petitioner did not possess "the essential temperament, character and maturity for one entrusted with the possession of a pistol" (*see Matter of Colin v People*, 92 AD2d 697 [1983]).

We have examined petitioner's remaining arguments, including his claim that the ruling violated his 1st Amendment rights, and find them to be unpersuasive.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.