In the Matter of JOHN MANNE, Petitioner, v ROBERT G. MAIN, JR., as Judge of the County Court of Franklin County, Respondent. [778 NYS2d 210]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Petitioner was arrested and charged with the crime of menacing in the second degree (*see* Penal Law § 120.14 [1])* after he displayed and threatened to use his handgun to shoot the engine of an all-terrain vehicle (hereinafter ATV) used by two 14-year-old girls who trespassed on his property. Respondent, upon receiving the investigative report concerning the incident, suspended petitioner's pistol permit pending a revocation hearing (*see* Penal Law § 400.00 [11]). At the revocation hearing, testimony revealed that petitioner was walking on his property when he spotted Caitlin Poirier and Lindsay Lavigne in the distance, riding an ATV on his property without his permission.

---

* The charge was resolved by an adjournment in contemplation of dismissal.

Petitioner initially waived to them to stop. When they failed to accede to his request, he fired a warning shot. When petitioner approached Poirier and Lavigne, he was screaming and cursing at them to dismount. Both girls immediately apologized and explained that they had lost their way from a neighbor's house. Petitioner told them that they were "under arrest" and that they were to follow him to the neighbor's house for clarification, threatening to "shoot out [their] engine" if they attempted to flee. Upon these facts, respondent revoked petitioner's permit. Petitioner commenced this proceeding to annul respondent's determination.

It is settled that "[t]he State has a substantial and legitimate interest . . . in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976], *appeal dismissed* 41 NY2d 1008 [1977]; *see Matter of Gerard v Czajka*, 307 AD2d 633, 633 [2003]; *Matter of La Grange v Bruhn*, 291 AD2d 601, 602 [2002]; *Matter of Finley v Nicandri*, 272 AD2d 831, 832 [2000]). As respondent is vested with broad discretion in matters of this kind and his determination is entitled to great deference, we find no basis to disturb it since there was no showing of an abuse of discretion or that it was made in an arbitrary or capricious manner (*see Matter of Gerard v Czajka, supra* at 634).

Moreover, despite petitioner's protestations to the contrary, he was afforded ample opportunity to contest all evidence presented against him. Petitioner was told by respondent that he considered the investigative report in the initial suspension of his pistol permit. Such report was provided to petitioner well in advance of the revocation hearing. Moreover, each witness interviewed in connection with that report testified at the hearing. For all of these reasons, we discern no error (*see Matter of Dlugosz v Scarano*, 255 AD2d 747, 749 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]; *Matter of Demyan v Monroe*, 108 AD2d 1004, 1005 [1985]).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.