■ In the Matter of DONALD PETERSON, Petitioner, v E. MICHAEL KAVANAGH, as Justice of the Supreme Court, Respondent. [799 NYS2d 640]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

The Workers' Compensation Board determined that petitioner made false statements concerning his employment status while continuing to collect workers' compensation benefits. As a consequence, the Ulster County District Attorney charged petitioner with the crime of insurance fraud in the third degree, a class D felony. When respondent was so notified, he suspended petitioner's pistol permit and conducted a revocation hearing. During the hearing, petitioner's attorney advised respondent that the District Attorney had agreed to dispose of the criminal case by reducing the charge to insurance fraud in the fifth degree, a misdemeanor, with the imposition of a fine. Respondent advised petitioner and his counsel that he would make no ruling until the criminal case was completed and that he would reinstate the pistol permit subject to having a conversation with the District Attorney, provided that petitioner did not object to his having the conversation. Petitioner made no objection. After petitioner pleaded guilty to the misdemeanor charge, respondent revoked petitioner's pistol permit. In this proceeding, petitioner asserts that respondent's decision was arbitrary and capricious, an abuse of discretion and violative of his Second Amendment right to keep and bear arms.

Initially, we note that " '[t]he State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their

conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " (*Matter of Finley v Nicandri*, 272 AD2d 831, 832 [2000], quoting *Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976], *appeal dismissed* 41 NY2d 1008 [1977]; *accord Matter of Gerard v Czajka*, 307 AD2d 633, 633 [2003]). To this end, respondent is given broad discretion in making his determination and such determination will only be overturned if it is arbitrary and capricious (*see Matter of Gerard v Czajka, supra* at 633-634). Pursuant to Penal Law § 400.00 (11), an individual's firearms license must be revoked upon the conviction of a felony or "serious offense." Furthermore, an individual also must be denied a firearm license if he or she lacks "good moral character" (Penal Law § 400.00 [1]) and an individual can even be denied a pistol permit " 'for any good cause' " (*Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004], quoting *Matter of Vale v Eidens*, 290 AD2d 612, 613 [2002]; *see* Penal Law § 400.00 [2] [g]).

On this record, we find no abuse of discretion nor do we find respondent's decision to be arbitrary or capricious. In the workers' compensation proceeding, despite considerable evidence, including surveillance tapes to the contrary, petitioner maintained that he was not working for compensation while collecting workers' compensation benefits. He continued to assert this position during the revocation proceeding before respondent. His plea of guilty to the misdemeanor insurance fraud charge clearly refutes his prior assertions and amply demonstrates his lack of good moral character and revocation of his pistol permit is justified.

Lastly, we reject petitioner's argument that the Second Amendment confers an individual right on him to keep and bear arms. Absent evidence that possession of the pistol bears some reasonable relationship to the preservation or efficiency of a well-regulated militia, no individual right to possess it is conferred (*see Bach v Pataki*, 289 F Supp 2d 217, 224-226 [2003]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.