In the Matter of MARC E. DORSEY, Petitioner, v JOSEPH C. TERESI, as Justice of the Supreme Court, Respondent. [809 NYS2d 617]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Petitioner applied for and was granted a pistol permit in June 2000. Subsequently, petitioner was arrested and charged with stalking in the fourth degree in connection with his repeated unwelcomed interactions with his ex-girlfriend and her family. As a result, respondent thereafter suspended petitioner's pistol permit. Following dismissal of the charge, respondent held a hearing on the matter and, finding that petitioner lacked the requisite maturity, good judgment and temperament to carry a pistol, revoked petitioner's pistol permit. Petitioner commenced this proceeding seeking annulment of respondent's determination.

"The State has a substantial and legitimate interest and indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Pelose v County Ct. of Westchester County*, 53 AD2d 645, 645 [1976], *appeal dismissed* 41 NY2d 1008 [1977]; *see Matter of Peterson v Kavanagh*, 21 AD3d 617, 617-618 [2005]; *Matter of Manne v Main*, 8 AD3d 790, 791 [2004]). Respondent is vested with broad discretion in making the determination to grant or deny a pistol permit to an individual and may do so for "any good cause" (*Matter of Peterson v Kavanagh, supra* at 618 [internal quotation marks and citations omitted]). Respondent's determination will not be disturbed absent an abuse of discretion or a showing that it was made in an arbitrary and capricious manner (*see id.*; *Matter of Manne v Main, supra* at 791).

Here, respondent considered the complaint and incident report filed in connection with the stalking charge as well as the testimony of both petitioner and his ex-girlfriend. Based upon our review of this evidence, we do not find respondent's conclusion, that petitioner does not possess the "maturity, prudence, carefulness, good character, temperament, demeanor and judgment" necessary to have a pistol permit, either unsupported by the record or arbitrary and capricious (*see Matter of Peterson v Kavanagh, supra* at 618; *Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.