■ In the Matter of MARK BIGGERSTAFF, Petitioner, v KAREN A. DRAGO, as County Judge of Schenectady County, Respondent. [883 NYS2d 657]—

Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Petitioner was granted a pistol permit in 1979. In January 2008, he was arrested on several charges arising out of his operation of a motor vehicle while intoxicated. As a result, respondent suspended petitioner's pistol permit. After pleading guilty to one count of aggravated driving while intoxicated, petitioner requested that the permit suspension be lifted. Upon determining that petitioner lacked the requisite character and fitness to carry a pistol, respondent revoked the permit and petitioner commenced this proceeding challenging that determination.

Respondent is vested with broad discretion to revoke a pistol permit and may do so for any good cause, and the sole issue before us is whether her determination in that regard constituted an abuse of discretion or was made in an arbitrary and capricious manner (*see Matter of Dorsey v Teresi*, 26 AD3d 635, 636 [2006]; *Matter of Peterson v Kavanagh*, 21 AD3d 617, 618 [2005]). Here, petitioner had an extremely high blood alcohol content at the time of his arrest and pleaded guilty to aggravated driving while intoxicated which, as respondent concluded, called his judgment and character into question. Under the circumstances, we cannot say that respondent's determination was unsupported by the record or otherwise arbitrary and capricious (*see Matter of Dorsey v Teresi*, 26 AD3d at 636; *Matter of Olivera v Kelly*, 23 AD3d 216, 216 [2005], *lv denied* 6 NY3d 709 [2006]).

Cardona, P.J., Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.