■ In the Matter of ERIC J. KERR, Petitioner, v JOSEPH C. TERESI, as Justice of the Supreme Court, Respondent. [936 NYS2d 764]—

Peters, J.P.

· "Respondent is vested with broad discretion to revoke a pistol permit and may do so for any good cause" (*Matter of Biggerstaff v Drago*, 65 AD3d 728, 728 [2009]; *see Matter of Nichols v Richards*, 78 AD3d 1453, 1454 [2010]; *Matter of Peterson v Kavanagh*, 21 AD3d 617, 618 [2005]). Upon review, we accord deference to respondent's factual findings and credibility assessments (*see Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004]; *Matter of Gerard v Czajka*, 307 AD2d 633, 633-634 [2003]) and will not disturb his determination unless it was made in an arbitrary and capricious manner or constituted an abuse of discretion (*see Matter of Biggerstaff v Drago*, 65 AD3d at 728; *Matter of Dorsey v Teresi*, 26 AD3d 635, 636 [2006]).

Here, respondent considered and credited the sworn incident report filed in connection with the menacing and weapon possession charges, in which petitioner's former girlfriend stated that petitioner threatened multiple times to kill himself during an argument over their recent breakup and that, when she picked up the telephone to dial 911, he pointed his gun at her and threatened to shoot her. Although the former girlfriend testified at the hearing that she could not recall the events that transpired, she did not repudiate the content of her written statement and, in fact, affirmed its truthfulness. Furthermore, a police officer testified that he had received information from the former girlfriend immediately after the incident to the effect that petitioner had pointed a loaded gun at her head. Despite petitioner's assertion to the contrary, this hearsay evidence could properly form the basis of respondent's determination (*see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *Matter of Butts v Dwyer*, 6 AD3d 1101, 1101 [2004]). To the extent that petitioner provided a differing version of the events, this created issues of credibility for respondent to resolve (*see Matter of Seamon v Coccoma*, 281 AD2d 824, 825 [2001]; *Matter of Finley v Nicandri*, 272 AD2d 831, 831-832 [2000]). On

this record, we cannot say that respondent's decision to revoke petitioner's pistol permit was an abuse of discretion or arbitrary and capricious (*see Matter of Dorsey v Teresi*, 26 AD3d at 636; *Matter of Hassig v Nicandri*, 2 AD3d at 1119).

Rose, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.