■ In the Matter of JEFFREY GAUL, Petitioner, v RICHARD GIARDINO, as Judge of the County Court of Schenectady County, Respondent, et al., Respondent. [944 NYS2d 349]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent County Judge of Schenectady County which revoked petitioner's pistol permit.

In 2008, respondent County Judge of Schenectady County (hereinafter respondent) suspended petitioner's pistol permit pending the disposition of criminal charges that had been filed against him. After the criminal case was adjourned in contemplation of dismissal, on the condition that mental health updates were provided to the court for six months, petitioner applied for reinstatement of his pistol permit. After an informal hearing

and a review of the documentary evidence, respondent revoked petitioner's pistol permit for a period of five years. Petitioner thereafter commenced this proceeding seeking annulment of respondent's determination.

Initially, contrary to petitioner's contention, he was not entitled to a formal hearing prior to the revocation of his pistol permit (*see Matter of Dlugosz v Scarano*, 255 AD2d 747, 748 [1998], *appeal dismissed* 93 NY2d 847 [1999], *lv denied* 93 NY2d 809 [1999], *cert denied* 528 US 1079 [2000]). Moreover, the record reflects that petitioner was provided with adequate notice of the charges and respondent gave him ample opportunity to submit proof on his own behalf at various stages of the proceeding (*see id.*).\*

Turning to the merits, " '[r]espondent is vested with broad discretion to revoke a pistol permit and may do so for any good cause' " (*Matter of Kerr v Teresi*, 91 AD3d 1153, 1154 [2012], quoting *Matter of Biggerstaff v Drago*, 65 AD3d 728, 728 [2009]). Upon review, respondent's credibility assessments and findings of fact are accorded deference, and his determination will be disturbed only if it constitutes an abuse of discretion or was made in an arbitrary and capricious manner (*see Matter of Kerr v Teresi*, 91 AD3d at 1154; *Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004]). Here, in revoking petitioner's pistol permit, respondent considered petitioner's records from the police department, his mental health records, records from Town Court and petitioner's written and verbal submissions to County Court. These records revealed that petitioner had been charged with harassment in the second degree for threatening a National Grid employee, he willfully failed to comply with a Town Court order to surrender his firearms and he displayed inappropriate and confrontational behavior during court appearances. Although petitioner denied all wrongdoing, respondent was not required to credit his version of events. On this record, we cannot say that respondent's determination was an abuse of discretion or was arbitrary and capricious.

Finally, we have considered petitioner's remaining contentions and find them to be without merit.

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

\* In any event, although clearly not required to do so, respondent did, in fact, offer to hold a formal hearing and petitioner expressly declined that offer.