Lahtinen, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner’s pistol license.
Petitioner’s pistol permit was suspended by respondent in October 2010 after he and another individual were involved in a scuffle that resulted in petitioner being charged with menacing in the second degree and criminal mischief in the fourth degree. The charges against petitioner were adjourned in contemplation of dismissal and, in April 2012, they were dismissed. Petitioner then sought to have his pistol permit reinstated and respondent scheduled a hearing. After hearing and observing petitioner at the hearing, respondent characterized his conduct as “bizarre and irrational” and expressed concern about his “emotional state.” Respondent thus denied reinstatement of petitioner’s permit, but noted that petitioner could reapply if he had further pertinent proof regarding his emotional and psychological condition. This proceeding ensued.
Since respondent had the advantage of observing petitioner during the hearing, we accord deference to respondent’s credibility assessments and factual findings (see Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [2012], lv denied 19 NY3d 810 [2012]; Matter of Kerr v Teresi, 91 AD3d 1153, 1154 [2012]). Here, in addition to comments expressing concern about petitioner at the close of the hearing, respondent stated in a subsequent written decision that, “[d] espite repeated warnings, cautions and directions from [respondent], [petitioner] contin *1347 ued to conduct himself in an overly emotional, obstreperous and acrimonious manner.” Respondent observed that petitioner exhibited “conduct bordering on impassioned rage” and concluded that he lacked the self control necessary to carry a weapon. These conclusions were based on what respondent saw in court and are not inconsistent with the record. Accordingly, we defer to those credibility determinations and factual conclusions, which provide ample ground for respondent’s decision regarding petitioner’s pistol permit.
We are unpersuaded by petitioner’s argument that, under recent holdings of the United States Supreme Court, a pistol permit may be revoked only upon a conviction of a felony or finding of mental illness (see McDonald v Chicago, 561 US —, —, 130 S Ct 3020, 3047 [2010]; District of Columbia v Heller, 554 US 570, 626 [2008]). Although the United States Supreme Court listed such conditions as examples of longstanding regulatory measures not affected by its decision, the Court expressly noted that these were merely illustrative and that it was not setting forth an exhaustive list (see District of Columbia v Heller, 554 US at 627 n 26). Nor do we need to attempt to delineate in this proceeding the precise point where regulations would run afoul of the US Constitution under McDonald and Heller. Suffice it to say that there is no violation of the US Constitution where, as here, the applicant appears personally before the court, gives sworn testimony, the court sets forth in some detail its observations and concerns about the applicant’s emotional stability as the reason for its decision, the record supports that decision, and the court accords the applicant an opportunity to present proof addressing the court’s concerns. The remaining arguments have been considered and are unavailing.
Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.