# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

696

OP 12-02353

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF JOSHUA R. GALLETTA, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HON. JOHN H. CRANDALL, COUNTY AND SURROGATE COURT
JUDGE, RESPONDENT.

---

TODD D. BENNETT, HERKIMER, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul the determination of respondent. The determination denied petitioner's pistol permit application.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this original CPLR article 78 proceeding (*see* CPLR 506 [b] [1]), petitioner contends that the determination denying his application for a pistol permit is arbitrary and capricious. We reject that contention. " 'The State has a substantial and legitimate interest and[,] indeed, a grave responsibility, in insuring the safety of the general public from individuals who, by their conduct, have shown themselves to be lacking the essential temperament or character which should be present in one entrusted with a dangerous instrument' " (*Matter of Dorsey v Teresi*, 26 AD3d 635, 636; *see Matter of Peterson v Kavanagh*, 21 AD3d 617, 617-618). "Respondent is vested with broad discretion in making the determination to grant or deny a pistol permit to an individual and may do so for any good cause" (*Dorsey*, 26 AD3d at 636 [internal quotation marks omitted]; *see Matter of Papineau v Martusewicz*, 35 AD3d 1214, 1214; *Matter of DiMonda v Bristol*, 219 AD2d 830, 830).

Here, there are several factors that militate in favor of granting petitioner's application, including the facts that he is gainfully employed and served his country honorably in the Armed Forces. Nevertheless, considering petitioner's past unlawful behavior, it cannot be said that County Court abused its discretion in denying the application. We note that petitioner, in his written statements submitted to the court in support of his application, did

not accept responsibility for his prior actions and, indeed, seemed to suggest that he had done nothing wrong, despite the fact that he had pleaded guilty to multiple offenses.

Entered:  June 28, 2013                          Frances E. Cafarell
                                                 Clerk of the Court