# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1117**

**OP 13-00735**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF TIMOTHY N. PETERS, PETITIONER,

                V                               MEMORANDUM AND ORDER

HONORABLE DOUGLAS A. RANDALL, MONROE COUNTY
COURT JUDGE, RESPONDENT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to review a determination of respondent. The determination revoked the pistol permit of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, after a hearing, revoking his pistol permit. Contrary to the contention of petitioner, we conclude that the determination is neither arbitrary and capricious nor an abuse of discretion. It is well established that "[r]espondent is vested with broad discretion in determining whether to revoke a pistol permit and may do so for any good cause," including "a finding that the petitioner lack[s] the essential temperament or character which should be present in one entrusted with a dangerous instrument . . . , or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit" (*Matter of Schiavone v Punch*, 34 AD3d 1366, 1366 [internal quotation marks omitted]; *see* Penal Law § 400.00 [1], [11]; *Matter of Strom v Erie County Pistol Permit Dept.*, 6 AD3d 1110, 1111-1112). Here, petitioner's pistol permit was revoked after a domestic incident involving his wife at the time. Police reports from the incident date indicate that petitioner twice grabbed his wife by the arms and pushed her against the wall, warning her that "there was going to be trouble" if she called the police. The reports also indicate a prior history of domestic violence. Notably, petitioner did not dispute the above factual basis for the revocation of his pistol permit, but argued only that it was an "isolated

incident" (*see Matter of Demyan v Monroe*, 108 AD2d 1004, 1005). In light of the above facts, we conclude that there is a rational basis for the determination, and that respondent did not abuse his broad discretion or act in an arbitrary and capricious manner in revoking petitioner's pistol permit (*see Matter of Moreno v Cacace*, 61 AD3d 977, 978-979; *see also Matter of Cuda v Dwyer*, 107 AD3d 1409, 1410; *Matter of Dlugosz v Scarano*, 255 AD2d 747, 748, *appeal dismissed* 93 NY2d 847, *lv denied* 93 NY2d 809, *cert denied* 528 US 1079).

Finally, petitioner's further contention that the revocation of his pistol permit violates the Second Amendment of the United States Constitution is without merit (*see Cuda*, 107 AD3d at 1410; *Matter of Kelly v Klein*, 96 AD3d 846, 847-848).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court