■ In the Matter of MARTIN FINKLE, Petitioner, v STEPHEN HERRICK, as Judge of the County Court of Albany County, Respondent. [978 NYS2d 407]—

Rose, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.

Respondent suspended petitioner's pistol permit as the result of an incident in December 2012, when petitioner came out of his jewelry store brandishing a handgun to confront two local municipal employees in the store's parking lot. Following an evidentiary hearing, respondent determined that petitioner lacked the proper temperament to carry a pistol and revoked his pistol permit. Petitioner commenced this proceeding seeking annulment of that determination.

We confirm. Respondent "is vested with broad discretion to revoke a pistol permit and may do so for any good cause" (*Matter of Biggerstaff v Drago*, 65 AD3d 728, 728 [2009]; *accord Matter of Gaul v Giardino*, 95 AD3d 1456, 1457 [2012], *lv denied* 19 NY3d 810 [2012]; *Matter of Kerr v Teresi*, 91 AD3d 1153, 1154 [2012]). Upon our review, respondent's resolution of factual issues and credibility assessments are accorded deference (*see Matter of Gaul v Giardino*, 95 AD3d at 1457; *Matter of Hassig v Nicandri*, 2 AD3d 1118, 1119 [2003], *lv denied* 2 NY3d 701 [2004]), and the determination will not be disturbed "absent an abuse of discretion or a showing that it was made in an arbitrary and capricious manner" (*Matter of Dorsey v Teresi*, 26 AD3d 635, 636 [2006]; *see Matter of Kerr v Teresi*, 91 AD3d at 1154).

Here, the record reflects that, in addition to the 2012 incident, petitioner also drew a handgun on an individual in 1990. That individual broke the front window of petitioner's store, reached in, grabbed some merchandise and fled. Petitioner then chased the individual for several blocks down a main city street, drew his pistol and fired a warning shot into the air. Criminal charges were filed against him as a result, and his pistol permit was suspended. The criminal charges were ultimately adjourned in contemplation of dismissal and petitioner's pistol permit was reinstated. Although petitioner argues that this 1990 incident was too remote in time to be considered, we cannot agree. Respondent may revoke a pistol permit for any good cause (*see generally Matter of Biggerstaff v Drago*, 65 AD3d at 728) and, in our view, petitioner's prior behavior, which resulted in a suspension of his pistol permit, is pertinent to respondent's determination of petitioner's fitness to carry a weapon in the instant revocation proceeding.

In reaching this determination, respondent necessarily found that petitioner's testimony concerning the 2012 incident—that he was in fear that his store would be robbed and both he and his wife would be physically assaulted—lacked credibility. Rather, respondent determined that petitioner's actions during both the 1990 and 2012 incidents, where petitioner thought it was appropriate and reasonable to leave his store wielding a loaded handgun and, on one occasion, discharge the weapon on a city street, were unwarranted and called his judgment into question. Further, although petitioner accuses the municipal employees who testified against him of bias, there is no evidence that respondent's determination resulted from any such bias. Based upon our review of the record, and according deference to respondent's resolution of credibility issues, we cannot say that his determination to revoke petitioner's pistol permit was either an abuse of discretion or arbitrary and capricious (*see Matter of Kerr v Teresi*, 91 AD3d at 1154; *Matter of Hassig v Nicandri*, 2 AD3d at 1119). Petitioner's remaining contentions have been examined and found to be without merit.

McCarthy, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.