McCarthy, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which denied petitioner’s application for a carry and conceal pistol permit.
Petitioner applied for a carry and conceal pistol permit. After reviewing the application materials, holding a hearing at which she questioned petitioner, and requesting and receiving additional documents from him, respondent denied the application. Petitioner commenced this proceeding seeking to annul respondent’s determination.
Respondent did not abuse her discretion in denying petitioner’s application for a pistol permit. A licensing official “is vested with considerable discretion in ruling on a permit application and may deny it for any good cause” (Matter of Vale v Eidens, 290 AD2d 612, 613 [2002]; see Matter of Hassig v Nicandri, 2 *1248 AD3d 1118, 1119 [2003], lv denied 2 NY3d 701 [2004]; Penal Law § 400.00 [1] [g]). This Court will not disturb such a determination unless it is arbitrary or capricious (see Matter of Bando v Sullivan, 290 AD2d 691, 692 [2002]; see also Matter of O’Brien v Keegan, 87 NY2d 436, 440 [1996]). When respondent asked petitioner about his prior Family Court involvement, and whether there were any allegations of abuse or violence, his responses were vague and he stated that he did not remember all of the details. He then explained that when he recently spoke to his former paramour, who is the mother of two of his sons, she relayed that one of petitioner’s children recalled petitioner spanking him and throwing him on a bed. Petitioner stated that he only disciplined his son, with no abuse, but when he offered to speak to that son about the issue, the son refused. The Family Court records include a custody petition filed by the former paramour alleging that petitioner had “physically abused the children.” Respondent surmised that the lack of relationship between petitioner and at least one of his children may be related to the allegations of abuse, and that petitioner did not have “any real explanation for the family violence allegations.”
Considering the foregoing and all of the information that was before respondent, as well as the deference we accord to respondent’s factual findings and credibility determinations (see Matter of Hahn v Williams, 107 AD3d 1346, 1346 [2013], appeal dismissed 22 NY3d 891 [2013]; Matter of Kerr v Teresi, 91 AD3d 1153, 1154 [2012]), we do not find that respondent abused her discretion in denying petitioner’s application for a pistol permit (see Matter of Vale v Eidens, 290 AD2d at 613).
Stein, J.P, Rose and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.