*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                517549
_____

In the Matter of ROCCO V.
    DeANGELO,
                        Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

BRIAN D. BURNS, as Judge of
    the County Court of Otsego
    County,
                        Respondent.
_____


Calendar Date:   November 18, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

                        _____


        Gozigian, Washburn & Clinton, Cooperstown (Ryan W. Miosek
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.


                        _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to CPLR 506 [b] [1]) to review a determination of
respondent which revoked petitioner's pistol permit.

        Petitioner obtained a pistol permit in 2009 and, insofar as
is relevant here, was the registered owner of a .380 caliber
handgun.  In August 2012, petitioner became embroiled in a
confrontation with two of his neighbors; according to petitioner,
he (and others) had an ongoing dispute with the neighbors in
question, who allegedly (and routinely) resorted to various
intimidation tactics.  This long-standing discord apparently

extended to a four-year-old child who resided with the neighbors, who purportedly would "flip [petitioner] off" every time he passed by the neighbors' house.

On the day of the incident, petitioner was driving by the neighbors' house when he saw a woman, whom he believed to be the mother of the offending child, standing outside. Petitioner slowed his vehicle and informed the woman, "You know, your little girl is not very ladylike." Later that day, as petitioner approached the neighbors' house in his truck, the neighbors purportedly blocked the narrow road with one of their vehicles. A verbal altercation between petitioner and the neighbors ensued, during the course of which one of the neighbors produced a baseball-size rock and petitioner displayed his loaded handgun. As a result of this incident, petitioner was charged with two counts of menacing in the second degree, and his pistol permit temporarily was suspended.

Respondent thereafter scheduled a hearing to determine the status of petitioner's pistol permit. Following various adjournments pending resolution of the criminal charges, which resulted in petitioner's acquittal, the hearing ensued, at which time respondent questioned petitioner regarding the incident with the neighbors. Respondent ultimately concluded that petitioner "no longer [was] fit to possess a pistol license" and revoked petitioner's permit, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.

There is no question that "[r]espondent is vested with broad discretion in determining whether to revoke a pistol permit and may do so for any good cause, including a finding that the petitioner lack[s] the essential temperament or character which should be present in one entrusted with a dangerous instrument . . . , or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit" (Matter of Peters v Randall, 111 AD3d 1391, 1392 [2013] [internal quotation marks and citations omitted]; see Matter of Finkle v Herrick, 112 AD3d 1278, 1278 [2013]; Matter of Galletta v Crandall, 107 AD3d 1632, 1632 [2013]). No formal revocation hearing is required, and due process will be satisfied where the petitioner has been provided

with notice of the charges and afforded an adequate opportunity to respond thereto (see Matter of Cuda v Dwyer, 107 AD3d 1409, 1409 [2013]; Matter of Dlugosz v Scarano, 255 AD2d 747, 748 [1998], appeal dismissed 93 NY2d 847 [1999], lv denied 93 NY2d 809 [1999], cert denied 528 US 1079 [2000]).  Upon review, "respondent's resolution of factual issues and credibility assessments are accorded deference, and the determination will not be disturbed absent an abuse of discretion or a showing that [such determination] was made in an arbitrary and capricious manner" (Matter of Finkle v Herrick, 112 AD3d at 1278 [internal quotation marks and citations omitted]; see Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [2012], lv denied 19 NY3d 810 [2012]; Matter of Kerr v Teresi, 91 AD3d 1153, 1154 [2012]).

In view of the acrimonious history between petitioner and his neighbors, petitioner's decision to respond to the nonverbal taunt of a four-year-old child by chastising the woman whom he believed to be the child's mother was, at best, ill advised. Indeed, petitioner acknowledged as much at the hearing, agreeing that, with the benefit of hindsight, he should have "[kept his] mouth shut."  As for the confrontation that followed, petitioner testified that he was afraid that the neighbor who was holding the rock would "bash [his] brains in," that he could not simply drive away because an oncoming vehicle prevented him from doing so, that he routinely carried a handgun in his truck due to the nature of his business and that he displayed the loaded weapon only because he felt threatened.  Respondent did not credit petitioner's testimony, however, noting that petitioner could have put his vehicle in reverse and backed away[1] and finding that, all things considered, the presence of a weapon in petitioner's truck at that point in time "was not a coincidence." "[T]he exercise of poor judgment in the handling of a weapon is a sufficient ground for revocation of a pistol permit" (Matter of Maye v Dwyer, 295 AD2d 890, 890 [2002], appeal dismissed 98 NY2d 764 [2002] [internal quotation marks and citation omitted]; see Matter of La Grange v Bruhn, 291 AD2d 601, 601-602 [2002]; Matter of Brookman v Dahaher, 234 AD2d 615, 616 [1996]) and, based upon

_____

[1]  When questioned by respondent as to why he did not simply back up, petitioner replied, "I didn't think of it."

petitioner's own testimony (see Matter of Butts v Dwyer, 6 AD3d 1101, 1101 [2004]), we do not find that respondent abused his discretion in revoking petitioner's pistol permit.[2]  Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  The fact that petitioner was acquitted of the related criminal charges is not dispositive of this proceeding (see Matter of Saccoccio v Lange, 194 AD2d 794, 794 [1993]; cf. Matter of County of Westchester v D'Ambrosio, 244 AD2d 334, 335 [1997]).