*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    520808
_____

In the Matter of MICHAEL
    SCHMITT,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

GERALD W. CONNOLLY, as Acting
    Justice of the Supreme
    Court,
                    Respondent.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____


        John N. Clo, Gloversville, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                    _____


Garry, J.P.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to CPLR 506 [b] [1]) to review a determination of
respondent revoking petitioner's pistol permit.

        In 1987, petitioner applied for and was granted a pistol
permit.  In 2008, petitioner was involved in a domestic dispute
with his spouse, and, as a result, he was charged with harassment
in the second degree and temporary orders of protection were
issued by Coeymans Town Court and Albany County Family Court.  In
resolution of the harassment charge, petitioner agreed to
surrender his pistol and a rifle to the Coeymans Police
Department for destruction, and the charge was ultimately
dismissed.  In 2012, petitioner applied for an amendment to his

pistol permit; in his application, petitioner admitted to being involved in prior proceedings before Family Court but did not disclose either the harassment charge or the orders of protection.  Upon learning of these prior orders, respondent conducted an evidentiary hearing to determine whether good cause existed to revoke petitioner's permit and found sufficient evidence of petitioner's "irresponsible handling" of his pistol to merit revocation.  Petitioner commenced this proceeding seeking to annul this determination.

"There is no question that '[r]espondent is vested with broad discretion in determining whether to revoke a pistol permit and may do so for any good cause, including a finding that the petitioner lack[s] the essential temperament or character which should be present in one entrusted with a dangerous instrument . . ., or that he or she does not possess the maturity, prudence, carefulness, good character, temperament, demeanor and judgment necessary to have a pistol permit'" (Matter of DeAngelo v Burns, 124 AD3d 1156, 1157 [2015], quoting Matter of Peters v Randall, 111 AD3d 1391, 1392 [2013]; see Matter of Finkle v Herrick, 112 AD3d 1278, 1278 [2013]; Matter of Nichols v Richards, 78 AD3d 1453, 1454 [2010]).  Moreover, "respondent's resolution of factual issues and credibility assessments are accorded deference, and the determination will not be disturbed absent an abuse of discretion or a showing that it was made in an arbitrary and capricious manner" (Matter of Finkle v Herrick, 112 AD3d at 1278 [internal quotation marks and citation omitted]).

Here, the evidence included the report of a police investigator who interviewed both petitioner and his former spouse regarding the 2008 domestic dispute.  The former spouse recounted that, during a heated dispute over the status of their marriage, petitioner punched several holes in the wall, removed his pistol from a drawer in his bedroom, began to load it and told her that "he was going to give her something to call the police about."  Contrary to petitioner's claim, respondent was entitled to rely on the hearsay statements contained in the report (see Matter of Kerr v Teresi, 91 AD3d 1153, 1154 [2012]).  Although petitioner denied threatening his former spouse and testified that he was merely packing the gun with the rest of his belongings in an effort to leave the marital home, respondent

expressly found the former spouse's account to be more credible, and we defer to such credibility determinations (see Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [2012], lv denied 19 NY3d 810 [2012]; Matter of Seamon v Coccoma, 281 AD2d 824, 825 [2001]). Accordingly, we find no abuse of discretion in respondent's determination that petitioner handled his pistol in an irresponsible manner and that revocation of his permit was therefore justified (see Matter of DeAngelo v Burns, 124 AD3d at 1158; Matter of Kerr v Teresi, 91 AD3d at 1154; Matter of Finley v Nicandri, 272 AD2d 831, 832 [2000]).

Petitioner's contention that he was denied an adequate opportunity to review the investigator's report or to subpoena witnesses is belied by the record; petitioner's counsel was provided with the report prior to the hearing and expressly declined respondent's offers for additional time to review it or to subpoena additional witnesses at the conclusion of the hearing (see Matter of Slayton v New York State & Local Retirement Sys., 288 AD2d 509, 509-510 [2001]; see also Matter of Tsakonas v Dowling, 227 AD2d 729, 730 [1996], lv denied 88 NY2d 812 [1996]). Finally, although respondent's determination made reference to certain documents that were not entered into evidence at the hearing, those documents merely repeated information that was otherwise properly in evidence before respondent. Thus, this error was harmless and did not result in prejudice to petitioner (see Matter of George v New York State & Local Retirement Sys., 285 AD2d 798, 799-800 [2001]).

Egan Jr., Lynch, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court