Matter of Ricciardone v Murphy (2018 NY Slip Op 01684)





Matter of Ricciardone v Murphy


2018 NY Slip Op 01684


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

523184

[*1]In the Matter of JAMES P. RICCIARDONE, Petitioner,
v
JAMES A. MURPHY III, as Saratoga County Judge, Respondent.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Law Office of Brian T. Stapleton, Esq., White Plains (Brian T. Stapleton of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent denying petitioner's application for an unrestricted concealed carry pistol permit and suspending his restricted pistol permit.
In 1995, petitioner was issued a restricted pistol permit that allowed him to carry a concealed handgun for hunting and target shooting only. In 2016, he applied for an unrestricted concealed carry pistol permit. As part of the application, in response to the question whether he had ever been arrested for any offense, petitioner marked the box labeled "No." After
discovering that petitioner had been arrested in 2001 and in 2010, respondent — acting as a licensing officer — denied petitioner's application for an unrestricted pistol permit and suspended his existing restricted pistol permit, concluding that petitioner willfully failed to disclose the two arrests and that he attempted to conceal them from the licensing officer. Petitioner commenced this proceeding in this Court to challenge respondent's determination (see CPLR 506 [b] [1]).
A licensing officer may issue a pistol permit "only after investigation and finding that all statements in a proper application for a license are true" (Penal Law § 400.00 [1]; see Matter of O'Brien v Keegan, 87 NY2d 436, 439 [1996]). Licensing officers have broad discretion in ruling on such applications and may deny them for any good cause (see Matter of Schmitt v Connolly, [*2]139 AD3d 1199, 1199 [2016]; Matter of Gaul v Giardino, 95 AD3d 1456, 1457 [2012], lv denied 19 NY3d 810 [2012]; Matter of Dorsey v Teresi, 26 AD3d 635, 636 [2006]). Additionally, a "licensing officer is statutorily invested with the power to sua sponte revoke or cancel a license" (Matter of O'Brien v Keegan, 87 NY2d at 439 [emphasis omitted], citing Penal Law § 400.00 [11]). A determination to deny a pistol permit or amendment or to revoke or suspend a permit will not be disturbed absent an abuse of discretion or a showing that the determination was made in an arbitrary and capricious manner (see Matter of Schmitt v Connolly, 139 AD3d at 1199; Matter of Gaul v Giardino, 95 AD3d at 1457).
Here, "petitioner's false statement on the application that he had never been arrested was by itself a sufficient ground to deny the application" (Matter of Conciatori v Brown, 201 AD2d 323, 323 [1994], citing Penal Law § 400.00 [1]; see Matter of Anderson v Mogavero, 116 AD2d 885, 885 [1986]; see also Matter of Fortuniewicz v Cohen, 54 AD3d 952, 952 [2008], lv denied 11 NY3d 715 [2009]). It is irrelevant that petitioner was not convicted of any crime and the charges were eventually dismissed; the question required him to disclose any arrest, regardless of the outcome (see Matter of Gonzalez v Lawrence, 36 AD3d 807, 808 [2007]). Petitioner now explains that he thought that information about dismissed or sealed criminal charges could not be obtained by anyone and did not have to be revealed, and his criminal attorney on the 2010 charge had informed him that a dismissal was the equivalent of an arrest never having taken place, such that he would never have to disclose that arrest. Despite his alleged good faith in answering the question as he did, the answer was still false and respondent did not act arbitrarily or capriciously in denying petitioner's application for an unrestricted pistol permit based on that false answer (see Matter of Anderson v Mogavero, 116 AD2d at 885). Likewise, respondent did not abuse his discretion in suspending petitioner's restricted permit for the same reason, especially after learning that petitioner had made the same false statement on several prior applications for amendments.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.