Matter of Nicolau v Platkin (2026 NY Slip Op 01098)

Matter of Nicolau v Platkin

2026 NY Slip Op 01098

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-24-1083
[*1]In the Matter of Andrei Nicolau, Petitioner,
vRichard M. Platkin, as Justice of the Supreme Court, Respondent.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Tilem & Associates, PC, White Plains (Robert M. Schechter of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to review a determination of respondent which revoked petitioner's pistol permit.
Petitioner, who was previously granted certain firearms permits in the City of New York, was granted an Albany County pistol permit in 2019. In October 2023, petitioner went to the Schoharie County Sheriff's office to complete necessary fingerprinting for an out-of-state pistol permit. While there, petitioner made the Sheriff's deputy aware that he had purposely concealed on his person a Sig Sauer P365 air pistol — which is powered by carbon dioxide to shoot BBs and, by design, replicates a Sig Sauer P365 pistol. Based on this event, respondent suspended petitioner's Albany County pistol permit and directed him to surrender the permit and all handguns held pursuant to any New York permit.[FN1] After a hearing, his Albany County pistol permit was revoked. Petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking to annul that determination.
Following the revocation of a firearm license, we "review whether a rational basis exists for the licensing authority's determination, or whether the determination is arbitrary and capricious" (Matter of Nagi v Barrett, 232 AD3d 1261, 1262 [4th Dept 2024] [internal quotation marks and citation omitted]; see Matter of Husejnovic v DeProspo, 225 AD3d 597, 598 [2d Dept 2024], appeal dismissed 41 NY3d 1008 [2024]; Matter of Schmitt v Connolly, 139 AD3d 1199, 1199 [3d Dept 2016]). With one exception not relevant here, a pistol "license may be revoked and cancelled at any time . . . elsewhere than in the city of New York by any judge or justice of a court of record" based on "conduct that would have resulted in the denial of a license" (Penal Law § 400.00 [11] [a]). Denial of a license is authorized when an applicant lacks "good moral character," meaning that the applicant lacks "the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others" (Penal Law § 400.00 [1] [b]). "In determining whether to revoke a pistol license pursuant to Penal Law § 400.00 (11), a licensing officer is vested with broad discretion to resolve factual and credibility issues, and her or his determination is accorded great weight" (Matter of Rosenberg v Neary, 238 AD3d 1047, 1048 [2d Dept 2025] [citations omitted]; see Matter of Nagi v Barrett, 232 AD3d at 1262; Matter of Hahn v Williams, 107 AD3d 1346, 1346 [3d Dept 2013], appeal dismissed 22 NY3d 891 [2013]).
Revocation of petitioner's pistol permit had a rational basis and is not arbitrary or capricious. The basic facts of the incident are uncontested. Namely, petitioner purposefully brought a Sig Sauer P365 air pistol — which, without thorough inspection, appeared to be a real handgun — into a sheriff's office, where weapons are prohibited, and displayed it to test the reaction of the Sheriff's deputy[*2]. Despite not being arrested as a result of the incident and assuming petitioner did not violate Penal Law § 265.01-e (see generally Penal Law § 265.00 [3]; People v Colon, 116 AD3d 1234, 1237 [3d Dept 2014], lv denied 24 NY3d 959 [2014]), this conduct demonstrated exceedingly poor judgment. This incident, in conjunction with petitioner's admission that he has engaged in similar conduct in the past and would be inclined to do so in the future by bringing a replica firearm into a courthouse, evidences that he lacks "the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others" (Penal Law § 400.00 [1] [b]; see Matter of Kantarakias v Hyun Chin Kim, 226 AD3d 1020, 1021 [2d Dept 2024], appeal dismissed 42 NY3d 1040 [2024]; Matter of DeAngelo v Burns, 124 AD3d 1156, 1157 [3d Dept 2015]; Matter of Dorsey v Teresi, 26 AD3d 635, 636 [3d Dept 2006]). Respondent's brief, colloquial statement that concealed carry is a privilege is not fatal to the revocation of petitioner's permit in light of the accurate standard underlying the determination.
Petitioner's additional claim that he was denied due process as a result of respondent's failure to provide him the opportunity to review the body camera footage taken during the underlying incident is unpreserved as he made no such request during the hearing (see Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1298-1299 [3d Dept 2022]; see generally Matter of Woojin Cho v New York State Dept. of Health, Bd. of Professional Med. Conduct, 243 AD3d 1049, 1050-1051 [3d Dept 2025]). Nevertheless, this argument is without merit (see Matter of Dickerson v Hart, 226 AD3d 893, 894 [2d Dept 2024]; Matter of Gerson v Ryder, 226 AD3d 894, 896 [2d Dept 2024]; Matter of DeAngelo v Burns, 124 AD3d at 1157).
Aarons, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Respondent initially directed, among other things, that petitioner "surrender his pistol license and all firearms held by him pursuant to said license." However, in light of petitioner holding permits granted by the City of New York, this was subsequently modified to require that petitioner "surrender said license and all handguns held by him pursuant to said license, or held pursuant to any other license to carry or possess concealed weapons issued by the State of New York or any political subdivision thereof."